LOCKWOOD *against* BETTS.

In an action for seducing *A.*, the plaintiff's daughter, the plaintiff introduced *A.* as a witness, who testified, that she never disclosed the fact of her pregnancy to *B.*, the defendant, and she was advised, by her mother, not to make such disclosure to him, lest he should leave the state and avoid a prosecution, which was contemplated against him, on her account.  Her testimony having been discredited, on cross-examination, and by the testimony of others, though not by any impeachment of her general character for truth, the plaintiff, in corroboration of her testimony, offered the deposition of her sister *C.*, stating, that *A.* had communicated the fact of her being pregnant by *B.*, and that she was advised to say nothing about it, until *B.* could be arrested.  The latter testimony being objected to, because the deponent did not state when, or by whom, such advice was given, because the testimony did not tend to corroborate that of *A.*, and because it was not relevant to the point in issue ; it was held, notwithstanding, that such testimony was admissible.

THIS was an action on the case for the seduction of *Abigail Lockwood,* the daughter of the plaintiff ; tried at *Fairfield, December* term, 1829, before *Williams,* J.

On the trial, the plaintiff introduced his daughter *Abigail,* as a witness, who testified, That previous to the 15th of *May,* 1825, she was seduced, by the defendant, under a promise of marriage, and was, on the evening of that day, begotten with child by him ; that after she knew of her pregnancy, he visited her, and was in her company, at her father's house, about

three weeks before the birth of her child; that she never disclosed the fact of her pregnancy to him, and she was advised, by her mother, not to make such disclosure to him, lest he should leave the state, and avoid a prosecution, which was contemplated against him, on her account. She did not state the time when such advice was given her. There was no impeachment of her general character for truth; but much evidence was adduced for the purpose of discrediting her testimony; and she was cross-examined for the same purpose. The plaintiff then offered, in support of *Abigail's* testimony, the deposition of her sister, *Sally Stocum;* the only part of which, at present material, is as follows: "*Philer Betts* (the defendant) visited my sister *Abigail*, about two years before she had a child; and he continued to visit her until a short time before the birth of the child. He apparently visited her in the character of a suitor. They appeared to be particularly attentive to each other. When he visited her, my sister had communicated the fact of her being pregnant by *Betts*, and that she was advised to say nothing about it, or keep it still, until *Betts* could be arrested." To this evidence relative to the advice given to *Abigail*, the defendant objected, because the deponent did not state when, or by whom, such advice was given; and because the testimony did not tend to corroborate the testimony of *Abigail*, and was not relevant to the point in issue. The judge admitted the deposition; and a verdict being given for the plaintiff, the defendant moved for a new trial.

*N. Smith* and *Betts*, in support of the motion, contended, 1. That the declarations of *Abigail* out of court, could not be proved, by the plaintiff, for the purpose of corroborating her testimony, as there had been no attempt to impeach her general character for truth.

2. That if such evidence were admissible, the testimony of Mrs. *Stocum* was not relevant for this purpose.

How is the testimony of a witness to be corroborated? By shewing, that it is *true*. But the plaintiff offered no additional testimony to prove the *fact*.

But admitting, that the testimony of a witness in the situation of *Abigail*, may be corroborated, by shewing the consistency of her former declarations with such testimony; did Mrs. *Stocum's* testimony shew any consistency? *Abigail* had testified, that she was advised *by her mother*, to conceal her pregnancy

*Fairfield,*
June, 1830.

Lockwood
*v.*
Betts.

*Fairfield,*
June, 1830.

Lockwood
*v.*
Betts.

from the defendant. From her declarations, testified to, by Mrs. *Stocum,* it does not appear *who* gave her such advice. If it was her father, or a brother, or some other friend, there would be a *discrepancy,* which would go, not to confirm, but to discredit the testimony of *Abigail.* But it is sufficient for the present purpose, that the consistency does not appear. If there is no consistency, there is, of course, no confirmation.

3. That the whole testimony as to the conversation between *Abigail* and her mother, was improper, because it does not appear, that it was previous to the birth of the child.

4. That if the testimony of Mrs. *Stocum* was irrelevant or improper, a new trial will be granted. The Court cannot know what effect it had on the minds of the jury. But to justify the refusal of a new trial, where such evidence has been admitted, the Court must be able to see, that it could not have any improper influence.

*Sherman* and *Hawley,* contra, contended, 1. That as the testimony of *Abigail Lockwood,* the principal witness, had been discredited, both by cross-examination and by evidence *aliunde,* though her general character for truth had not been impeached, it was proper to corroborate her testimony, by shewing that she had told the same story on a former occasion. *Bul. N. P.* 194. More especially is such evidence admissible, in a case of this peculiar nature, where consistency in the declarations of the witness, during a critical period, forms so decisive a test of credibility.

2. That the testimony of Mrs. *Stocum* was relevant, as it went to fortify and confirm the testimony of *Abigail.*

In the first place, that testimony and her previous declaration, as proved by Mrs. *Stocum,* were in substance and effect the same. The concealment of her situation from the defendant, was a fact, which, in its nature, required explanation. This fact was satisfactorily explained, by shewing that she was *advised* to take this course, to prevent the defendant's avoidance of process. The material enquiry then was, whether she was so advised. Mrs. *Stocum* testifies, that she declared, that she was so advised. *By whom* she was advised, is only a *circumstantial* matter. But if this latter enquiry were important, it would still constitute no ground for rejecting the evidence ; as it would, in that case, corroborate the testimony of the principal witness, in one important particular, though not in another.

Secondly, the communication mentioned by Mrs. *Stocum*, must, from the nature of the case, have been made by *Abigail*, during her pregnancy, and before her delivery. " *Betts* visited her," Mrs. *Stocum* says, " about two years before she had a child; and he continued to visit her until *a short time before the birth of the child*." "When he visited her," the deponent adds, " she *had* communicated the fact," &c. *Had when?* When he visited her;—before he left off visiting her; which was before she had a child.

But if this objection had in itself solidity, it would be unavailable here; as it was not taken at the trial; and no question can be revised here, which was not made there. A motion for a new trial, is a *revisionary* proceeding. An exception not taken at the trial, is considered as waived.

3. That if the testimony of Mrs. *Stocum* did not tend to corroborate that of *Abigail*, then it was *harmless;* for it had no other tendency, and could have no other effect; consequently, a new trial will not be granted. The mere *want of weight* in testimony, is no ground for a new trial.

DAGGETT, J. The only point reserved for the opinion of this Court, is, whether *Sally Stocum's* deposition was properly admitted in evidence to the jury; and the only objection to it is, that it did not tend to corroborate the testimony of *Abigail Lockwood*, a principal witness for the plaintiff, for which it was introduced; and was not, therefore relevant to the point in issue. There is no doubt that if this deposition conduced, in any degree, to confirm the testimony of *Abigail*, it was admissible; for she, as the case finds, had been cross-examined, and impeached, by the testimony of others, though not by any impeachment of her general reputation for truth. If the testimony was proper to corroborate the testimony of *Abigail*, it was clearly relevant to the issue. This reduces the enquiry to a single point, and that a very narrow one.

The witness, *Abigail*, was attempting to account for the strange fact, that she should have concealed from the defendant, who, according to her testimony, was the father of her child, her condition, until it was made known by her delivery. The reason assigned by her, was, that she was so advised by her mother, lest he should go out of the state, and avoid process. This is a very natural account, and was proper to go to the jury. This testimony thus objected to, was proper to cor-

roborate the story of *Abigail,* or rather for the jury to weigh for that purpose.

It is however said, that it did not appear, that her conversation with her mother was previous to the birth of the child. It would be doing violence to the language used to suppose it otherwise. There could be no room for her concealment, nor for her mother's advice, *after* that event. Then, if never before, it must have been made public. So from the frame of the deposition of her sister, it must be deemed to import, that she communicated the fact to her before the birth of her child. She speaks of her then living at home, and continuing there until after that event, and then adds : " My sister communicated the fact of her being pregnant by *Betts,* and that she was advised," &c. It would be strange, if she should state this fact so, if she were then speaking of an event that had already occurred—speaking of an event too, and *informing* her of it, which was already well known.

But it is urged, that the deposition is silent as to the *person* to whom she communicated the fact. The witness said in her deposition, that it was to her mother. The fact that she was *advised,* was the only important fact ;—by whom was quite immaterial. The criticism on this deposition is too refined to prevail.

The motion for a new trial, must be refused.

The other Judges were of the same opinion.

New trial not to be granted.