Ashby J. Fitzgerald *vs.* Abraham I. Savin et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued June 14th—decided July 27th, 1934.

*James W. Carpenter* and *Charles S. House,* for the appellants (defendants).

*Charles J. McLaughlin,* with whom was *Morris Lubchansky,* for the the appellee (plaintiff).

HAINES, J. There is no essential dispute as to the following facts: Main Street in the city of Hartford runs nearly north and south from an intersection formed by the entrance into it of Charter Oak Street from the east, and Buckingham Street from the west. About six o'clock in the afternoon of March 9th, 1932, the plaintiff was standing on the sidewalk at the northerly corner of Main and Buckingham Streets, and at the same time the defendants' car was being driven northerly on the east side of Main Street by the defendant Anna N. Savin, who was accompanied by her husband, the defendant Abraham I. Savin. She was not a licensed driver but claimed to have been operating the car under instruction by her husband in its use.

After the defendants had entered and proceeded one-half or two-thirds of the distance through the intersection, their car suddenly swerved to the left from the northerly direction it had been taking, and proceeded in a curve westerly toward Buckingham Street, but failed to turn sufficiently to allow it to enter that

street and instead went over the curb at the northwest corner of the intersection and struck the plaintiff, with injurious results to him.

The plaintiff claimed the defendants were negligent in maintaining an unreasonable speed under the circumstances, in operating on the wrong side of the road, in failing to reduce the speed of the car or stopping it before striking the plaintiff, and in failing to keep the car under control. The defendants denied all negligence and contended that the turn to the left was made necessary by the sudden appearance of a car which was driven west in front of their own, making a collision imminent, and that in meeting the emergency thus created, the defendant driver was at most guilty of nothing more than an error of judgment. The jury returned a verdict for the plaintiff for $8000 damages, which the defendants moved the trial court to set aside as contrary to the law and the evidence and excessive, and they have assigned as error the denial of that motion, though the claim that the verdict was excessive is not now pursued by the defendants' brief. There was a sharp conflict of testimony as to the presence in the intersection of a car which caused the defendants' car to swerve as claimed by them, three eyewitnesses called by the plaintiff denying that any such car was in the intersection at the time. With this conflicting testimony before them, it was for the jury to determine the fact and it was manifestly open to them to decide that there was no such car or such emergency as claimed by the defendants. Even if the jury had found that the claimed emergency was a fact, there was an ample amount of further evidence from which they could have reasonably concluded that the defendant driver had met and passed it in safety, and that her subsequent conduct in driving at an unreduced speed for seventy feet or more and onto the

sidewalk was not that of a reasonably prudent person under the circumstances.

Further errors were assigned for failure of the trial court to add certain statements to the finding as to what the defendants offered evidence to prove and claimed to have proved. So far as they relate to claimed operative facts not already in the finding, with reference to what occurred before the turn to the left, we cannot find their omission to have been prejudicial to the defendants in their attack upon the charge, to test which is the principal purpose of the finding. These requests also contain matter calculated to show that the defendants claimed before the jury that there was a second emergency following the first, in that, after avoiding the collision with the other car, the defendant driver was met by a standing trolley car and other obstructions. This attempt to set up a second emergency to explain her conduct in driving the next seventy feet after the first emergency, is apparently now made for the first time. The finding in a jury case is designed to present the claims of the parties as to the facts proved, for the purpose of testing the correctness of the charge and the rulings of the court. It serves much the same purpose as a statement of the claims of the party upon the trial in a finding in a court case. It would be manifestly unfair to permit the insertion in a finding in a jury case of claims not actually made at the trial and then attack the charge upon the basis of those claims, which were not brought to the attention of the court before the charge was given. A trial court is justified in omitting to insert in the finding in a jury case, claims made upon the evidence offered, which were not presented to it at the trial and not involved in the issues appearing upon the face of the record. Where a party claims that a trial court has thus omitted to include in the finding his

claims of proof upon the evidence offered, he can place that evidence upon the record by causing it to be printed, but unless by request to charge or otherwise, it appears that a particular claim was made upon the trial, he may need to resort to proceedings to rectify the appeal in order to bring the matter before us. In this case the record sustains the plaintiff's claim and the finding, that this contention was not made in the trial court by request to charge or otherwise; furthermore, we do not find any testimony to the effect that such an emergency in fact arose after the defendants' car swung to the left.

Several errors are assigned in the failure of the court to charge and in the charge as made upon the respective rights and obligations of the drivers of the two cars claimed to have been faced with a collision. Under the issues as claimed the relevancy of this matter was not apparent. On the pleadings the complaint ascribed no negligence to the defendants prior to the time that their car turned to the left; the driver's conduct prior to that time was not put in issue by the pleadings and the court could well have omitted all reference to it. A study of what the court did say upon the subject satisfies us that it could not have adversely affected the interests of the defendants under the issues, and the addition of the matter now claimed by the defendants would have been of no advantage to them. Moreover, it appears from the finding that traffic through the intersection was being regulated by traffic lights, and rights and duties of drivers depended largely upon the conditions which obtained with reference to these lights, and the charge as given was correct in this respect.

The plaintiff claimed that his personal injuries had lessened his capacity for work, and that he had lost certain profits in his business and had been put to

certain expense as a proximate result. Errors are assigned for failure to charge and in the charge as made upon this feature of the case. The defendants claim that the court should have charged that no recovery could be had for gross earnings or gross profits, but only for the loss of net earnings or net profits in the business. The court did charge at length and with great particularity upon the rule of damages recoverable and explained to the jury in detail that they should aim to give only actual compensation for losses which they found to have been the proximate and direct result of the plaintiff's injuries. Careful study of what was said brings us to the conclusion that the charge was correct and adequate in this respect. A reference by the court at one point to a loss of $25 per month for rent is assigned as error. The expression complained of follows a full and correct statement of the rule of damages which the court had just given the jury, and the court then added parenthetically "plaintiff claims, of course, to be reimbursed for the loss of the earnings which he has sustained, also, for the expenses to which he has been subjected, among which, I think, are his rent of $25 a month, which he says is greater, but did not state the amount more specifically." The court gave the jury no direction or instruction regarding this item and we are satisfied it could not have led them to any mistake to the disadvantage of the defendants, after the full and understandable instruction which had immediately preceded it. If the reference was erroneous, counsel should have called attention to it at the time. A single erroneous statement in a charge is not reversible error if the charge as a whole correctly and adequately states the rule of law. *Smart* v. *Bissonette*, 106 Conn. 447, 453, 138 Atl. 365. Moreover, "a charge to the jury is not to be critically dissected for the purpose of discovering possible inac-

curacies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *Amato* v. *Desenti*, 117 Conn. 612, 617, 169 Atl. 611. We find no reversible error in this assignment.

Finally, the defendants assign as error the rejection of a note book of a traffic officer who had testified for the defense on direct examination that the defendants' car was deflected to the left on account of an emergency created by the driver of a westbound car, and in so doing was permitted to refresh his recollection from a memorandum which he had with him. It developed that the memorandum was not the original notation he had made of his observations but that this was in a note book which he did not have with him. On cross-examination it was sought to show inconsistencies between his testimony and that given at a previous trial. The note book was later offered in evidence by the defense for the purpose of showing its conformity to the document from which he had refreshed his recollection. The claimed inconsistency was not between the two memoranda but between two oral statements of the witness upon the stand, one at a former trial and one at the trial in question. The memorandum was used by the witness solely for the purpose of refreshing his present memory and it was not laid in evidence as a statement of past recollection. *Neff* v. *Neff*, 96 Conn. 273, 278, 114 Atl. 126. The note book was inadmissible as corroboration of the oral testimony of the officer. "Assuming that it contained statements previously made by the witness consistent with his oral evidence, the general rule is that a party cannot strengthen the testimony of his own witness by showing that he has made previous statements to the same effect as his testimony," though there are some exceptions to the general rule. *Palmer* v. *Hartford Dredging Co.*, 73

Conn. 182, 188, 47 Atl. 125. If the note book had been admitted in evidence and conformity with the memorandum had been established thereby, it would not have shown consistency in the oral statements of the officer or have reconciled any inconsistency which might appear in those statements. Under the circumstances the note book was properly excluded.

There is no error.

In this opinion the other judges concurred.