MOTTY EITINGON *v.* TOWN AND CITY OF STAMFORD.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 2—decided December 1, 1943.

*James E. Brinckerhoff,* for the appellant (plaintiff).

*George Wise,* with whom was *Sydney C. Kweskin,* for the appellee (defendant town of Stamford) and, on the brief, *Charles N. Wexler,* for the appellee (defendant city of Stamford).

PER CURIAM. This is the ordinary appeal by a property owner who claims that the assessment of his land and buildings located in the defendant city is too high. He attacks the finding in numerous respects. The plaintiff's brief is specific in enumerating the assignments of error pursued. The first concerns paragraph eighteen of the finding. Turning to the assignments of error, nothing appears therein concerning paragraph eighteen. The second claim is error in the conclusions reached. No other assignment of error is pursued in the brief. "Unless a claim of error is included in the brief, the court regards it as abandoned." Conn. App. Proc., § 165.

The finding supports the conclusions essential to the

judgment. Among them is one that the tax assessor, in making the assessment, complied with the statute. The plaintiff fails to point out any respect in which he claims that this is not so. There is also a conclusion that the method of reproduction cost less depreciation, as used by the assessor, is an approved method of ascertaining the value of real estate for purposes of taxation, and the brief of the plaintiff seems to concede that this was a proper consideration. The court found that there was no market for the property, and the finding states that the assessor, while using the method stated, also included the functional depreciation and economic factors involved in its use and applied his own experience and knowledge of values; and this accords with our law. *Underwood Typewriter Co. V. Hartford,* 99 Conn. 329, 337, 122 Atl. 91; *Lomas & Nettleton Co. v. Waterbury,* 122 Conn. 228, 231, 188 Atl. 433. In his brief the plaintiff attacks the special acts governing the assessment of property for taxation in the defendant town and city and claims that they are unconstitutional, but he raised no such point in the trial court.

There is no error.