WILLIAM ANDERSON ET AL. *v.* BURGESS EXPRESS
COMPANY, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 4, 1945—decided January 29, 1946.

*Philip R. Shiff,* for the appellants (defendants).

*Edward L. Reynolds,* with whom were *John F. Carroll, Jr.,* and *James W. Curran,* for the appellee (named plaintiff).

*Edwin H. Hall,* with whom was *Thomas J. O'Sullivan,* for the appellee (plaintiff The Connecticut Company).

PER CURIAM. The plaintiff Anderson brought this action to recover damages for personal injuries claimed to have been caused by the negligence of the defendant Sprool in the operation of a truck owned by the named defendant. Anderson was at the time motorman on a trolley car of the Connecticut Company with which the truck collided. The company intervened as a coplaintiff under § 5231 of the General Statutes, claiming recovery of workmen's compensation it had paid or by award become obligated to pay to Anderson. The jury rendered a verdict for the plaintiffs and the defendants appealed.

While numerous assignments of error were made, only three are presented in the defendants' brief. Of these, two are claimed errors in the trial court's instructions to the jury, one in a paragraph of the original charge and the other in a supplemental instruction given in response to an inquiry by the jury. The defendants, at the conclusion of the original charge, made no objection which called the court's attention to the error now claimed, and they made no objection at the conclusion of the supplemental charge. These assignments present nothing for us to consider. Practice Book, § 156; *Ladd* v. *Burdge,* 132 Conn. 296, 297, 43 Atl. (2d) 752.

The remaining claim of error is based on the exclusion of a question asked in the cross-examination of a witness called by the plaintiffs. The collision between the truck and the trolley car occurred at a street intersection. The trolley car was being operated on a through street, which the truck entered from a cross street. The plaintiffs claimed that the truck did not stop at a stop sign on the cross street, while the defendants claimed that it did. The witness in question was a passenger on the trolley car. He testified on direct examination that he observed the truck when it was thirty-five feet from the intersection, that it was proceeding at a fast rate of speed, that it did not stop at the stop sign and that its speed increased as it entered the intersection. On cross-examination, after he had testified that he was injured in the accident, he was asked if he had filed a claim against the Connecticut Company for injuries he had sustained. There was a long argument in the absence of the jury during which the witness testified that he had instructed his attorney to make claims against both the company and the named defendant, and counsel for the company stated he believed that a claim had been made

against it and that there had been a settlement with the witness. The principal ground for the admission of the question advanced at the trial, and the only one pressed in the defendants' brief, is that the conduct of the witness in making the claim against the company was so inconsistent with his testimony as to affect its credibility. Under the circumstances, there was no necessary conflict between that testimony and the fact that he made a claim against the company, and the question would obviously have led into collateral issues. We cannot hold that the trial court abused its discretion in excluding the question.

There is no error.