## JOSEPH MARRA *v.* MABLE G. KAUFMAN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 2—decided April 14, 1948

*Alfonse C. Fasano,* for the appellant (plaintiff).

*David M. Reilly,* for the appellees (defendants).

BROWN, J. The plaintiff brought this action for damages for personal injuries alleged to have been sustained by a fall on the defendants' driveway by reason of its dangerous condition because of snow and ice thereon due to the defendants' negligence. The jury's verdict was for the defendants, and the plaintiff has appealed from the judgment entered on the verdict. The only questions presented to this court for determination relate to claimed errors in the court's charge to the jury.

These facts are undisputed: On February 12, 1945, the defendants were and for a long time had been the owners of property at 30 Sylvan Avenue, New Haven. There was a two-family house in front in which the defendants lived and a business building in the rear leased to a dry-cleaning concern, where the defendant Mable was a part-time employee. A concrete driveway 110 feet long and 7 feet wide extended from the street along the side of the house to the building at the rear. This served as a passway for the cleaning establishment, and the defendants had possession and control of it. On February 5, 1945, there was a fire which extensively damaged the rear building and the cleaning estab-

lishment. On February 12, 1945, the plaintiff sustained injuries by a fall, either on the driveway or on the sidewalk nearby.

The plaintiff has assigned error in ten paragraphs of the charge as given and also in the court's refusal to grant his eleven requests to charge. His brief contains an extended argument in support of the former assignment. A careful analysis of the record, however, shows that, as defined by the plaintiff's exceptions to the charge, but three of the errors claimed call for consideration. Practice Book § 156; *Soderstrom v. Country Homes of Norwalk, Inc.*, 132 Conn. 381, 386, 44 A. 2d 698; *Anderson v. Burgess Express Co.*, 132 Conn. 545, 546, 45 A. 2d 825. The conflicting claims of proof, in so far as material to them, may be summarized as below.

The plaintiff claimed to have proved: For several years prior to his fall, he had from time to time delivered clothes to the cleaners on the defendants' premises; after the fire on February 5, 1945, the defendant Mable was at the cleaning establishment and continued to receive clothes from customers for cleaning; on February 12, 1945, the plaintiff had left a suit there to be cleaned and as he was returning along the driveway to the street he slipped and fell on hard-packed snow and ice which covered the driveway and upon which there was no abrasive material and broke his left ankle; the plaintiff identified the place of the fall as being twenty-six feet from the sidewalk, while one of his witnesses stated that it was about six feet from the sidewalk; both places were covered with hard-packed snow and ice and were without sand or ashes; the entire driveway was so covered in consequence of the defendants' failure to remove snow and ice; and their negligence in permitting it to accumulate there was the

proximate cause of the plaintiff's injuries. The defendant claimed to have proved: The fire of February 5, 1945, completely gutted the building and burned out the cleaning establishment; this condition persisted on February 12, 1945; it was easily observable from the street; there was no one on duty at the establishment and the plaintiff delivered no clothes there for cleaning on February 12; the plaintiff failed to establish on what part of the driveway, so far as the width was concerned, he claimed to have fallen; the plaintiff claimed he fell some twenty-nine feet from the sidewalk and his witness claimed that the place was within a few feet or inches of the sidewalk; the plaintiff was not in or upon the driveway on that day; he in fact fell on the public sidewalk; the driveway was free and clear of snow and ice that day though there were some patches of ice and snow on the sidewalk; the defendants neither knew of nor had reason to anticipate the presence of the plaintiff on the driveway on that day; and if the plaintiff was then on the driveway he was not there on any business and he was not there lawfully.

The first of the plaintiff's three claims referred to above relates to the fact that the court, having mentioned that there was evidence offered by the plaintiff of two different locations as being the place of his fall, continued: "The plaintiff is not entitled to a verdict on a claim of injury received at two different places. It is his duty to prove the particular place and that this particular place complained about was defective so as to make it not reasonably safe. . . . I am just discussing, the certainty and identity of the place where the man fell, because it is that thing that must be the proximate cause of the injury, not any place, not two places, not the

driveway as a whole but the place where he fell."
As indicated by his brief, the plaintiff's contention
is that this instruction was in effect a directed ver-
dict for the defendants, since two places were iden-
tified by plaintiff's evidence as the site of the acci-
dent, and that obviously the jury had nothing to
determine, so that the court thus improperly took
from them the question where on the driveway the
plaintiff fell, which he was entitled to have left to the
jury to decide. This claim departs from that stated
to the court in the plaintiff's exception to the charge,
where the only criticism was that the instruction
suggested that there was a doubt in the court's mind
as to where the plaintiff fell which might convey the
idea to the jury that the court also had doubt as to
the merits of the plaintiff's case. Neither claim can
be sustained. When the language complained of
is read in its context, it sufficiently appears that it
was employed to emphasize that the plaintiff must
so identify the place of his fall as to afford a basis
for the establishment of the essential element of his
case, that a defective condition there existing was
the proximate cause of his fall. That the court
either took from the jury the question where the
plaintiff fell or suggested to them doubt in the
court's mind as to the merits of his case is sufficiently
negatived by these supplemental instructions:
". . . if I expressed a doubt concerning the place
where the plaintiff fell, . . . I didn't do that . . .
with the idea of raising a doubt in your minds that
a place might be found, one of three places indeed;
. . . I will not remove the decision of that ques-
tion from your minds not intending to raise a doubt,
because I said I was in doubt. I don't have to de-
cide that question, if I did say that."

The second of the plaintiff's claims concerns ref-

erence made by the court to the possible significance, in determining the case, of evidence as to the effect of the fire of February 5 upon the subsequent operation of the cleaning establishment. In this connection it is to be borne in mind that the claim of the plaintiff upon his case in chief was that on February 12 he had entered the cleaning establishment, which was operating normally, and that there was no evidence that there had been a fire there; but that, after the defendant had produced evidence that there had been a destructive fire there on February 5, the plaintiff in rebuttal offered evidence and claimed to have proved that, though damage to the equipment of the cleaning establishment by the fire had necessitated its sending the work out, it was still dealing with customers on the premises. The gist of the plaintiff's exception to this portion of the charge was that the court, by what it had said concerning the evidence as to the effect of the fire upon the business, had removed from the jury's consideration the question whether the place was open for business on February 12 and so had precluded their making such a finding to support the probability of the plaintiff's claim that he was rightfully on the driveway when he fell. The brief of the plaintiff suggests that he rests this claim, in so far as it falls within the exception, on the fact that, in the instructions referred to, the court rehearsed evidence of the defendants indicating that the cleaning establishment did not operate there at all after the fire without referring to evidence offered on behalf of the plaintiff tending to show that it did. In this connection the court did, however, recite the plaintiff's own testimony that he entered the cleaner's on February 12, left his clothes and received a ticket in exchange for them. The court might better, it is

true, have referred also to other evidence offered by the plaintiff, in rebuttal, to the effect that the defendant Mable did receive customers' clothes there after the fire. However, the instructions as given can hardly be held to have taken from the jury the question whether or not the place was open. Furthermore, that it did not is indicated by this statement of the court subsequent to its recital of this evidence: ". . . that is one of the questions which presents that notion of probabilities whereby to develop the truth or where the evidence of the witness lies." We cannot say that the instruction in question constituted reversible error.

The third of the plaintiff's claims attacks the following instruction by the court: "It is true that there was no evidence in this case from any witness giving an opinion the driveway was not reasonably safe on the morning of February 12, 1945. That kind of opinion evidence from a layman is admissible and proper testimony, but no witness for the plaintiff was asked such a question." It then went on to say that the plaintiff's only evidence was that, as of the time of the fall, "there was snow and ice on the driveway packed down, . . . without sand or ashes, and the plaintiff slipped and fell." The plaintiff excepted to this, on the ground that it was open to the interpretation that evidence of the plaintiff's fall there on the snow and ice would not suffice, in the absence of opinion evidence that the condition was dangerous. Assuming this contention to be warranted, the court obviated any possible error by stating in its supplemental charge: ". . . I made some reference to the absence of lay opinion concerning the dangerousness of this driveway. In doing that I didn't mean to lay out of consideration any other evidence in the case. I simply said there

was an absence of a lay opinion, which a layman had a right to give. . . ."

Upon but one of the eleven requests to charge referred to in the plaintiff's assignment of errors does he, in his brief, make any specific claim. This request reads: "While the defendants have pleaded contributory negligence, they have taken the position that there was no ice and snow upon the subject of contributory negligence and therefore the question is now ruled out." The meaning of this is obscure but the plaintiff contends that the defendants offered no evidence concerning contributory negligence to warrant submitting this issue to the jury and that therefore the court erred in failing to grant this request. This overlooks the statement in the defendants' claim of proof that the plaintiff offered no proof as to the manner in which he was walking or where he was looking, but that if he fell on the driveway "it was due to his own negligence in failing to keep a proper lookout, and due to the manner in which he was walking, because there was nothing on the surface of the driveway to cause him to fall." The court did not err in denying this request. The plaintiff's brief further asserts that "the Court erroneously refused to charge as requested" in each of nine other paragraphs, mentioned by number only, with citations of the same supporting authorities cited to the trial court but without any specific claims of error as to any of these paragraphs. This amounts to a substantial abandonment of any claims of error as to them, and we do not consider the claimed errors. *Heslin* v. *Malone,* 116 Conn. 471, 476, 165 A. 594; Conn. App. Proc. § 165.

There is no error.

In this opinion the other judges concurred.