STEPHANIE THOMAS, ADMINISTRATRIX (ESTATE OF VERONICA SHERZAX) *v.* FAYE S. GANEZER

BROWN, C. J., JENNINGS, BALDWIN, O'SULLIVAN and COMLEY, Js.

Argued November 7, 1950—decided January 16, 1951

*Milton Krevolin,* with whom were *A. Arthur Giddon* and, on the brief, *Cyril Cole* and *Morton E. Cole,* for the appellant (plaintiff).

*Cyril Coleman,* with whom was *J. Read Murphy,* for the appellee (defendant).

BROWN, C. J. The plaintiff administratrix in this action seeks to recover for personal injuries alleged to have been sustained by her intestate on January 31, 1945, by a fall upon the common steps leading from the defendant's tenement house to the public sidewalk on Governor Street in Hartford. The complaint alleges that the icy and slippery condition of the steps, due to the defendant's negligence, caused the decedent's fall. The jury returned a verdict for the defendant. The plaintiff has appealed from the court's denial of her motion to set it aside and from the judgment. The principal contested question of fact before the

jury was whether the decedent fell on the defendant's steps, as claimed by the plaintiff, or upon the public sidewalk, as contended by the defendant. Since the jury could reasonably have found upon the evidence in the record that the fall occurred on the sidewalk, thus exculpating the defendant from liability, the court properly refused to set aside the verdict as being against the evidence.

The first claim upon the appeal from the judgment relates to the admissibility of statements made shortly after the accident by the defendant's witness Kondrasiewicz. These were admitted by the court for the purpose of rehabilitating his testimony on direct that he had seen the decedent fall, after the plaintiff on cross-examination had laid in his statement, procured by her investigator almost five years after the accident, that he did not see the decedent actually fall but came upon the scene afterwards. One of the statements objected to was in writing and signed by the witness. It had been given to the defendant's witness Youell thirty-six days after the accident and had been accompanied by oral statements to the same effect as Kondrasiewicz' testimony on direct. The other statement was one volunteered to the defendant's witness Dorne at the locus of the accident about seven months after it occurred. During his cross-examination, Kondrasiewicz testified that the statement he had given the plaintiff's investigator was true and correct. In both his written and oral statements to Youell and in his statement to Dorne, he had declared that he saw the decedent fall on the sidewalk at a point from five to eight feet from the foot of the steps.

It has been stated as the general rule that a party cannot strengthen the testimony of his own witness by showing that he had made previous statements to the same effect. *Palmer* v. *Hartford Dredging Co.*, 73

Conn. 182, 188, 47 A. 125. There are exceptions, however. *Fitzgerald* v. *Savin,* 119 Conn. 63, 69, 174 A. 177. We have said: "There is eminent authority for the view that under some circumstances it may be within the discretion of the trial court to permit evidence of prior consistent statements to be given to rebut testimony tending to show an inconsistent statement. *Stewart* v. *People,* 23 Mich. 63, 74. . . ." *State* v. *Palm,* 123 Conn. 666, 677, 197 A. 168. The plaintiff argues that this exception is not applicable unless the witness has denied making the inconsistent statement. This claim finds support in language used by the court in the *Stewart* case, supra. Since the court there held (p. 76), however, that the prior statement was properly admitted in the trial court's discretion, the language upon which the plaintiff relies is dictum. Wigmore discusses this case in considering testimonial rehabilitation by prior consistent statements. 4 Wigmore, Evidence (3rd Ed.) p. 198. He points out (p. 197) that to reason that prior consistent statements should be admitted after the introduction of an inconsistent statement, on the ground that if a contradictory statement counts against a witness a consistent one should count for him, is fallacious. He maintains, however, that the prior consistent statement is relevant to controvert the making of the inconsistent one. He further states (p. 199) that to so hold "does not deny the correctness of the preceding argument, which points out that a consistent statement does not explain away a self-contradiction; but it shows that argument to rest upon the assumption that there has been a self-contradiction, and it reminds us that consistency of statement may serve to overthrow that assumption."

Sound reason for applying this principle in the instant case is effectively stated by this paragraph from the trial court's memorandum on the motion to set

aside the verdict: "The present case well illustrates the value, in accordance with Wigmore's reasoning, of a prior consistent statement to overthrow the assumption of inconsistency that might arise from the bare introduction of the statement which was made a few days before trial. More than four years and a half had elapsed between the giving of the two statements. The defendant might well claim that the apparent inconsistency between the recent statement and the witness's testimony could be accounted for by lapse of memory and that his memory had been refreshed before he testified. That he had made a statement shortly after the event when his memory was fresh which was in accord with his testimony, clearly was evidence which would tend to prove that the apparent inconsistency of his later statement was due to the fact that at the time he made it his memory had failed and had not been refreshed. With that explanation his testimony and his later statement could be reconciled and the apparent inconsistency be explained away. For that reason, upon the reasoning of Wigmore, the prior consistent statement was admissible."

The cases cited by Wigmore indicate the differing views of the courts upon the question of rehabilitation by prior consistent statements after impeachment by inconsistent statements. 4 Wigmore, op. cit., § 1126. Even where the general rule precluding it prevails, there are well-recognized exceptions. Thus, in New York, the rule is that the testimony of an impeached witness may not be bolstered by showing that he has made similar consistent statements, but "There is a recognized exception to the rule where the testimony of a witness is assailed as a recent fabrication. Then his testimony 'may be confirmed by proof of declarations of the same tenor before the motive to falsify existed.' (*Ferris* v. *Sterling*, 214 N. Y. 249, 254 . . . .)"

*Crawford* v. *Nilan,* 289 N. Y. 444, 450, 46 N. E. 2d 512. "'Recently fabricated' means the same thing as fabricated to meet the exigencies of the case. . . ." *People* v. *Singer,* 300 N. Y. 120, 124, 89 N. E. 2d 710. The witness' inconsistent statement introduced by the plaintiff was one procured by her investigator but a matter of days before the trial, was not of the witness' own composition, and was undated and unsupported by any testimony as to the method of its procurement. Further, it was obtained almost five years after the consistent statements relied upon by the defendant had been made. Under the circumstances, while there is no suggestion that this statement was "recently fabricated" by the witness himself designedly out of self interest, as seems to have been true in the New York cases cited above, the possibilities, if not the probabilities, were such as to present a situation sufficiently analogous to that in those cases to warrant the application of the principle therein enunciated. As *Cooley, J.,* said in *Stewart* v. *People,* 23 Mich. 63, 76, "We think the circuit judge ought to be allowed a reasonable discretion in such cases, and that though such evidence should not generally be received, yet that his discretion in receiving it ought not to be set aside except in a clear case of abuse; such as, we think, did not exist here."

We are satisfied, upon the rather unusual circumstances disclosed by this record, that the trial court acted within its discretion in admitting the evidence of the prior consistent statements to rebut testimony tending to show an inconsistent statement by the witness. For like reason the same holds true of the testimony by Youell and Dorne. Under such circumstances, it may well be observed that "the accuracy of memory is supported by proof that at or near the time when the facts deposed to have transpired, and were fresh in the mind of the witness, he gave the same version of them

that he testified to on the trial." *Jones* v. *Jones*, 80 N. C. 246, 250. When a prior consistent statement is received, however, under the principle we have applied, it is admitted to affect credibility only, not to establish the truth of the statement. It is to develop the fact that what was said in the contradictory statement had been recently fabricated. Its effect is restricted solely to this issue. Our conclusion is in accord with that reached in an early decision by this court, though the language in that opinion suggests a broader ground of admissibility than we have adopted in the instant case. *Lockwood* v. *Betts*, 8 Conn. 130, 133 (1830). These relatively recent decisions from other jurisdictions lend support to our conclusion: *Connally* v. *Culver*, (Tex. Civ. App.) 150 S. W. 2d 126, 129; *Twardosky* v. *New England Telephone & Telegraph Co.*, 95 N. H. 279, 284, 62 A. 2d 723; *Sweazey* v. *Valley Transport, Inc.*, 6 Wash. 2d 324, 335, 107 P. 2d 567, 111 P. 2d 1010, 140 A. L. R. 1; *Affronti* v. *United States*, 145 F. 2d 3, 7. The annotation in 140 A. L. R. 21-186 convincingly demonstrates the wide diversity of opinion upon the subject of testimonial rehabilitation by prior consistent statements. The portion beginning at page 59 refers to many cases which hold that prior consistent statements are admissible.

A further claim of the plaintiff is that the court erred in admitting in evidence the complaint in an action brought several years before the present suit by the plaintiff's intestate against her then landlord for injuries from a fall on a common stairway. It alleged that she sustained serious permanent back injuries, as is also alleged in the present complaint. This evidence was offered to affect her credibility in claiming that her injuries were due to the accident now sued on. The plaintiff's exception is restricted to the admission of that part of the complaint other than

the allegations of injury. As the trial court stated in its memorandum, the complaint "was all one single document and could not be split into parts and still give the jury an adequate understanding of the significance of the plaintiff's statement of her injuries." The ruling was correct. See *Wilcox* v. *Downing*, 88 Conn. 368, 374, 91 A. 262.

The plaintiff's final claim is that the court erred in refusing to charge as requested that the failure of the defendant to testify and to call the janitor of the building as a witness warranted the jury's inferring that had they taken the stand their testimony would have been favorable to the plaintiff and adverse to the defendant. The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him permits the inference that the evidence of the witness would be unfavorable to the party's cause. *Ezzo* v. *Geremiah*, 107 Conn. 670, 677, 142 A. 461; *Dawson* v. *Davis*, 125 Conn. 330, 334, 5 A. 2d 703. The finding shows that it was undisputed that though the defendant owned the building she lived in Waterbury and had no personal knowledge of the facts of the case, and that while she inspected the premises herself only when she came to Hartford, which was once in two or three weeks, her father passed them daily and inspected them frequently on her behalf. Because of her inability, in so far as appeared, to add anything of testimonial value for the consideration of the jury, the defendant was not in that category of witnesses who would naturally have been called to the stand. Her father was called and testified as a witness for the plaintiff. Upon these facts we cannot say that it was incumbent upon the court under the above principle to give the charge requested as to the defendant's failure to testify. The plaintiff's uncontroverted claim of proof was that there

was a janitor of the defendant on the premises on the day of the accident, but there was nothing to indicate that he was within her employ or control four years and eight months later, at the time of trial, or in fact upon any date after the accident. The court's refusal to give the charge requested as to the janitor was fully justified.

We have dealt with all of the assignments of error discussed by the plaintiff either orally or in her brief. There are twelve others relating to the finding. Her brief states: "The appellant pursues all the assignments of error whether or not the same are argued orally or mentioned in this brief, and abandons none." Even if these other assignments were of consequence, which apparently they are not, we would disregard them. It should be clearly understood that the language quoted cannot entitle the plaintiff to have them considered. Conn. App. Proc. § 165; *Marra* v. *Kaufman*, 134 Conn. 522, 529, 58 A. 2d 736; *State* v. *Jones*, 124 Conn. 664, 665, 2 A. 2d 374; *Eitingon* v. *Stamford*, 130 Conn. 418, 34 A. 2d 878.

There is no error.

In this opinion JENNINGS, BALDWIN and COMLEY, Js., concurred.

O'SULLIVAN, J. (concurring in the result). I am in complete accord with the result but in disagreement with a phase of the majority opinion as it deals with a ruling on evidence.

The principle of recent fabrication is one by which evidence of prior consistent statements is permitted to rehabilitate the credibility of a witness. The principle has potential danger, but under strict safeguards against its indiscriminate application it will, in proper circumstances, work justice.

I cannot agree, however, with the analysis of the

principle as made in the opinion. The majority take the view that the so-called recently fabricated statement is the inconsistent statement made shortly before trial, as disclosed by cross-examination of the witness. This is inaccurate and may lead to difficulties.

The statement of the witness on direct examination is the one to have in mind. This is the testimony that is referred to in the principle as having been recently fabricated. In short, the principle will permit proof of prior consistent statements, made at or about the time when the narrated events occurred and when no motive was present to falsify, to meet the claim that an inconsistent statement made shortly before trial demonstrates that the direct testimony of the witness has been recently fabricated. 58 Am. Jur. 464, § 828, and cases cited.