FRANK KUCZA *v.* ROBERT E. STONE [DOROTHY K. STONE, EXECUTRIX (ESTATE OF ROBERT E. STONE), SUBSTITUTED DEFENDANT] ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 5—decided May 31, 1967

*L. Paul Sullivan,* for the appellant (plaintiff).

*Edward S. Ludorf,* for the appellees (defendants).

HOUSE, J. In this action, arising out of a 1959 rear-end collision, the plaintiff alleged that he was permanently injured by the negligent operation of an automobile by Robert E. Stone. There were no eyewitnesses except the parties. Included among several injuries claimed by the plaintiff was one to his lumbar spine, diagnosed as a herniated disc. The jury returned a verdict for the defendants. The court accepted the verdict and denied a motion by the plaintiff to set it aside. From the judgment rendered, the plaintiff has taken this appeal.

An evidential ruling, properly assigned as error, is decisive of the merits of this appeal. On the cross-examination of the plaintiff, after he had testified that he had completely recovered from back injuries sustained in a 1955 accident, the defendants offered in evidence a copy of the writ, summons and complaint in a suit brought by the plaintiff for damages resulting from the 1955 accident, which was also a rear-end collision. That complaint, following a practice which we have long discountenanced, "appears to have been designed as a catch-all under which almost any imaginable injury could be proved"; *Ianni* v. *Daily,* 153 Conn. 445, 450, 217 A.2d 707; and "to include about all the ills to which flesh could be heir in consequence of such an accident." *Varley* v. *Motyl,* 139 Conn. 128, 139, 90 A.2d 869 (dissenting opinion). Among the many injuries which the plaintiff claimed to have sustained in the 1955 accident, including some similar to those claimed in the present case, were "contusions, spraining and wrenching of his neck, right shoulder, left arm and elbow, back and spine, left hip, thigh, leg and knee" which injuries "involved the muscles, ligaments, nerves, soft tissues, veins, blood vessels, cartilages, glands, bones, and joints of the injured

parts." It was also alleged that some of the injuries were, or were likely to be, permanent. Over objection, the pleading was admitted into evidence.

There was no error in this ruling. The pleading in the prior action not only was admissible to affect the credibility of the plaintiff as a witness so far as the allegations therein relative to a 1955 permanent injury to the back were inconsistent with the plaintiff's testimony that the 1959 accident was the sole cause of his back injuries but, since he was a party in the present action, was admissible as an admission by the plaintiff. *Brockett* v. *Jensen,* 154 Conn. 328, 336, 225 A.2d 190; *Mulvey* v. *Barker,* 138 Conn. 551, 556, 86 A.2d 865; *Thomas* v. *Ganezer,* 137 Conn. 415, 421, 78 A.2d 539; *Hill* v. *Small,* 129 Conn. 604, 605, 30 A.2d 387; *Tappan* v. *Knox,* 115 Conn. 508, 517, 162 A. 7; *Bartolotta* v. *Calvo,* 112 Conn. 385, 395, 152 A. 306; 4 Wigmore, Evidence (3d Ed.) §§ 1058, 1059, 1066, 1067; 2 Jones, Evidence (5th Ed.) § 370; note, 63 A.L.R.2d 412, 417. Nor does it appear to have been harmful under the circumstances to have admitted the entire pleading. It " 'was all one single document and could not be split into parts and still give the jury an adequate understanding of the significance of the plaintiff's statement of . . . [his] injuries.' " *Thomas* v. *Ganezer,* supra, 422; *Guarnaccia* v. *Wiecenski,* 130 Conn. 20, 25, 31 A.2d 464; 2 Jones, op. cit. §§ 394, 395.

On the redirect examination of the plaintiff, his counsel attempted to inquire as to the extent of the plaintiff's knowledge of the allegations contained in the exhibit. The court sustained objections to any inquiry as to whether the plaintiff had ever read or signed the 1955 complaint, whether it reflected his own personal claims and knowledge, and whether he had discussed the allegations with the attorney who

drafted the broad specification of injuries set out in it. The inquiry was claimed on the basis of a right to rehabilitate the witness and present evidence which the jury could consider in determining what weight and effect to give to the exhibit. In this ruling the court was in error, and the plaintiff should have been permitted to testify and offer any explanation which he might have for the apparent inconsistencies between the 1955 pleading and his present testimony. "The basic function of a redirect examination is to enable a witness to explain and clarify relevant matters in his testimony which have been weakened or obscured by his cross-examination." *Grievance Committee* v. *Dacey,* 154 Conn. 129, 151, 222 A.2d 339. "Where evidence is introduced showing an apparent admission of a party out of court, he is entitled to explain the circumstances so that the trier can properly evaluate it. . . . The principle is the same as that which permits a witness to explain the testimony he has given in court. *Bredow* v. *Woll,* 111 Conn. 261, 264, 149 A. 772." *Berger* v. *Guilford,* 136 Conn. 71, 83, 68 A.2d 371; *Perry* v. *Simpson Waterproof Mfg. Co.,* 40 Conn. 313, 317; 4 Wigmore, op. cit. § 1066, 2 Jones, op. cit. § 397; 4 id. §§ 940, 961; 29 Am. Jur. 2d 745, Evidence, § 691.

Although the erroneous evidentiary ruling was primarily relevant to the issue of damages and by their verdict for the defendants the jury indicated that they found no liability, we cannot hold that under the circumstances of this case the error was harmless. The plaintiff was the sole witness in support of the allegations of liability. The question of his veracity was therefore of particular importance. Following the exclusion of the testimony by which the plaintiff sought to explain away the damaging

attack on his credibility, the defendants produced the doctor who had attended the plaintiff following the 1955 accident. His testimony affirmed the falsehood and exaggeration of many of the injuries alleged in the complaint in the plaintiff's 1955 accident case. Unexplained, because of the court's ruling, the exhibit and testimony had the effect of depicting the plaintiff as a deliberate liar in the same type of situation then under consideration by the jury, that is, as a plaintiff in a case arising from a rear-end automobile collision. On the record, we cannot say that the ruling could not reasonably have affected the verdict and, so, was not probably harmful. *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798; *Peck* v. *Pierce,* 63 Conn. 310, 319, 28 A. 524; Maltbie, Conn. App. Proc. § 17.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.