[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] A MEMORANDUM OF DECISION
This is a collection matter in which the plaintiff Windham Hospital alleges it provided medical service to Etwarie Ramdharry (hereinafter Etwarie) for which it has not been paid. The plaintiff seeks judgment against Etwarie and Beram P. Ramdharry (hereinafter Beram) pursuant to Connecticut General Statutes §46b-37[1] which provides it is the joint duty of each spouse to be liable for medical expenses of either.
Beram claims he was never married to Etwarie and thus has no liability for her hospital bill. He denied the allegations of the complaint which allege he was the spouse of Etwarie when the medical services were rendered to her.
The parties stipulated that judgment may enter against Etwarie in the amount of $39,024.49 plus costs of $373.50.
They also stipulated that the reasonable value of the medical services provided and which is still unpaid is $39,397.99.
As evidence of the marriage between Beram and Etwarie, the plaintiff submitted a judgment of dissolution between them entered on December 4, 1997 in the Judicial District of Tolland (D.N. FA 97-63999).
In that case Beram commenced the dissolution action on May 28, 1997 returnable June 10, 1997. In his complaint, he averred that he and Etwarie married on September 20, 1990 in Guyana, South America; that their marriage has broken down irretrievably. While Etwarie never filed an answer, she did file an appearance in that case on December 4, 1997. (Both Etwarie and Beram were pro-se in that case).
The Court (Zarella, J.) in an uncontested hearing found that the two parties intermarried on September 20, 1990, in Guyana, South America, awarded certain real estate to Beram as well as all assets shown on his financial affidavit. CT Page 9168
In her testimony in this case Etwarie testified that she and Beram never married, that she and Beram are good friends and close friends, and that she took his name as hers after being his friend for a period of time. She testified that they had a sort of religious wedding ceremony in Guyana, but not a valid one.
Beram's testimony consisted essentially of one sentence — that he was never married to Etwarie. (He was not cross-examined.)
Beram also called Sidnouth Singh; executive officer of the Guyana consulate who testified that a Guyanese marriage which is not registered is void and explained that Christians usually contract marriage by the publication of banns on three consecutive Sundays and that Hindu or Indian immigrants usually post notice at temples or mosques for three consecutive weeks in contracting to marriage.
While the obtaining of a divorce judgment is not res judicata as to third parties or persons: (Corpus Juris Secundum § 264 Divorce), thus not conclusive in the present case, the allegations of the complaint in the divorce case are admissible as admissions in this case. See Tough v. Ives, 162 Conn. 274
(1972); Kucza v. Stone, 155 Conn. 194 (1967), and may be considered in assessing the credibility of Beram in this case. While not conclusive the complaint is an admission and may be considered as such in a subsequent case. See Tait and LaPlanteEvidence, 6.9, and cases cited therein.
It is the function of the trier to assess the credibility of the witnesses based on such factors (which are not exhaustive) of interest in the outcome, a witness' testimony in light of other evidence, and the reasonableness of their testimony.
In this case there is compelling evidence that Beram and Etwarie were married to each other and recognized that fact by participating in a dissolution action which commenced in June 1997, some nine months before Windham Hospital brought its suit against them for service rendered to Etwarie between October 1996 and May 1997. The plaintiffs compelling evidence was not persuasively satisfactorily rebutted.
The Court finds therefore, that Beram and Etwarie Ramdharry were married to each other during the time medical treatment was provided to Etwarie by the plaintiff, and that, by statute, both are liable. CT Page 9169
Accordingly, judgment shall enter for the plaintiff against both defendants in the amount of $39,024.49, plus costs of $373.50. The defendant Etwarie Ramdharry is ordered to pay the nominal sum of $25 per week toward said judgment, effective three weeks from the date of judgment in accordance with the stipulation.
Klaczak, J.