## STATE OF CONNECTICUT *v.* THOMAS HUGHES
### (AC 19119)

Landau, Schaller and Spear, Js.

Argued April 28—officially released July 18, 2000

*Robert J. Sullivan,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* special assistant state's attorney, with whom, on the brief, was *Stephen J. Sedensky III,* assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. In a second visit to this court,[1] the defendant, Thomas Hughes, appeals from the judgment of conviction, rendered after a jury trial, of one count of sexual assault in the first degree in violation of General

---

[1] See *State* v. *Hughes,* 45 Conn. App. 289, 696 A.2d 347 (1997).

Statutes § 53a-70 (a) (1).[2] On appeal, the defendant claims that the trial court improperly failed to enter into evidence testimony concerning certain of the defendant's prior statements, which were consistent with his claims at trial, to rebut the testimony of a state's witness regarding the defendant's statements to her. We affirm the judgment of the trial court.

We set forth the underlying facts of the case, which the jury reasonably could have found, in *State* v. *Hughes*, 45 Conn. App. 289, 696 A.2d 347 (1997). "The victim, a twenty year old man with pervasive developmental disorder, took guitar lessons from the defendant. In November, 1991, during a guitar lesson, the defendant threatened the victim with a kitchen knife and forced him to perform fellatio on the defendant. The defendant and the victim maintained a sexual relationship for the next year. In November, 1992, the victim told his mother about his sexual relationship with the defendant, explaining that it began with the November, 1991 knife incident. The victim's mother became angry, ended the guitar lessons and contacted the police." Id., 291. In the defendant's first appeal from the judgment of conviction of sexual assault in the first degree, we concluded that the court improperly admitted certain evidence that prejudiced the defendant, reversed the judgment of conviction and remanded the case for a new trial. Id., 296.

During the second trial, Stacey Hughes,[3] a witness for the state, testified that the defendant had told her that he had been having sexual relations with a twenty year old mentally handicapped student. She also testi-

---

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person. . . ."

[3] Stacey Hughes is not related to the defendant.

fied that the defendant had subsequently informed her that the police had the knife that he had jokingly waved in his efforts to engage in sex with the victim. The defendant, who did not testify, offered in his case-in-chief the testimony of Robin LaChance, who was asked whether the defendant had talked to her. The state objected to that question, and the jury was sent from the courtroom and the court heard arguments. Defense counsel agreed with the state that the witness was called to testify about a conversation that she had with the defendant, but claimed that the inquiry was proper and maintained that it was offered "to put the opposition's position in proper context."[4] The state asserted that the defendant could not present his side of the case through a third-party witness, that the proffered testimony was self-serving, that it was hearsay and that there was no testimony in the case about any conversation that needed to be placed in the proper context.

The court agreed that the defendant's desire to introduce the testimony of LaChance was self-serving and an attempt to place his version of the circumstances before the jury without testifying. The defendant acquiesced to the position taken by the state and the court without objection, and the witness was excused. The

---

[4] Defense counsel made the following representation at trial: "In particular, [the state] brought in Stacey Hughes to testify that [the defendant] had told her all about the visits to the police department and that a knife was used. We are bringing this witness in for the *narrow purpose of rebutting that statement.* . . . [W]ell, Miss LaChance will say that he had a conversation with her virtually—I won't say identical to the one that Miss Hughes had, but they had a conversation about the fact that the police had contacted him and they had a specific discussion about the knife, and this is after the police spoke with him and before he was arrested. It was clearly at the same time, and it's offered to put the state's position in context and they're the ones that brought it up. They produced Stacey Hughes. She's the one that was brought in here to say these things about [the defendant]. So, it's clear to me that it's proper rebuttal testimony and that the court should admit it." (Emphasis added.)

court's refusal to let LaChance testify is the substance of the defendant's appeal.[5]

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . *State* v. *Hines*, 243 Conn. 796, 801, 709 A.2d 522 (1998)." (Internal quotation marks omitted.) *State* v. *Martinez*, 51 Conn. App. 59, 74–75, 719 A.2d 1213, cert. denied, 247 Conn. 952, 723 A.2d 324 (1998).

The defendant sought to have LaChance testify to rebut Stacey Hughes' testimony concerning his having used a knife during one of his sexual encounters with the victim. The defendant claims that LaChance's testimony was admissible because it would have rebutted Stacey Hughes' testimony as to the statements that she claimed the defendant had made to her about the knife. In other words, he sought to present a different version of the events by pitting LaChance's testimony against Stacey Hughes' testimony.

---

[5] Initially, the state claims that the record is inadequate for our review because the defendant made no offer of proof, thereby informing the state or the court of the substance of LaChance's testimony concerning conversations she had with the defendant. The defendant also failed to explain his claim that he needed "to put the opposition's position in proper context." Although one may question the artfulness of the offer of proof, the court was satisfied as to the offer, stating, "I'm going to sustain the objection of the state based on the offer of proof that [has] been given to me." Thus, we grant review. See footnote 4.

The defendant cites no law that supports his claim, although he points to *Thomas* v. *Ganezer*, 137 Conn. 415, 78 A.2d 539 (1951). *Thomas*, however, does not help the defendant for two reasons. That case states the law with respect to the use of prior consistent statements to rehabilitate a *witness* whose testimony has been discredited on cross-examination by the witness' inconsistent statement. Id., 417–21. Here, by contrast, the defendant did not offer LaChance's testimony to show that an inconsistent or consistent statement had been made by Stacey Hughes. He sought to use LaChance's testimony to discredit statements Stacey Hughes attributed to the defendant, who was not a witness at trial. *Thomas* also held that when a prior consistent statement is received under the principle applied therein, "it is admitted to affect credibility only, not to establish the truth of the statement. It is to develop the fact that what was said in the contradictory statement had been recently fabricated. Its effect is restricted solely to this issue." Id., 421. Here again, the defendant's argument fails because he wanted to use LaChance's testimony to establish the truth about his having used a knife.

Even, for the sake of argument, if the court improperly refused to admit LaChance's testimony, the absence of her testimony was not prejudicial to the defendant. The victim provided the crucial testimony against the defendant; Stacey Hughes' testimony merely corroborated that of the victim.

Finally, the defendant invites us to create a new exception to the hearsay rule. The new exception, in a criminal trial, would permit the defendant to relate his version of the event to a third person who could testify about his version to contradict an admission by the defendant, which was placed in evidence via the testimony of a state's witness. The judges of the Superior Court recently adopted a code of evidence, which was

the culmination of many years of work in codifying the law of evidence in Connecticut. Article VIII of the Connecticut code of evidence is currently the final word on exceptions to the hearsay rule and does not contain the exception claimed by the defendant. We therefore decline the defendant's invitation to create another exception to the hearsay rule.

The judgment is affirmed.

In this opinion the other judges concurred.