DONALD BROWN *v.* ANNABELLE RAHR

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 7—decided June 26, 1962

*Howard A. Jacobs,* for the appellant (plaintiff).

*David M. Reilly, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiff, a boy twelve years old, was injured on February 8, 1958, when the sled on which he was descending a hill collided with an automobile operated by the defendant. In this action to recover for his injuries, the jury returned a verdict for the defendant and the court refused to set it aside. From the judgment rendered on the verdict the plaintiff has appealed. The sole claim of error relates to a ruling on evidence.

The defendant offered as a witness in her behalf a friend who was a passenger in the car when the accident occurred. On cross-examination, the witness identified a statement which she had made and signed on November 6, 1958, nine months after the accident. It was admitted as a full exhibit without objection by the defendant. It therefore came in as hearsay evidence and as such was available for whatever it was worth on its face. *Sears* v. *Curtis,*

147 Conn. 311, 317, 160 A.2d 742. Thereafter, on redirect examination of the witness, she identified another signed statement, which she had made on February 14, 1958, six days after the accident. After she had testified that her recollection of the events was better on February 14 than on November 6, the February statement was admitted in evidence, over the objection of the plaintiff, solely on the question of credibility, under the rule of cases such as *Thomas* v. *Ganezer*, 137 Conn. 415, 418, 78 A.2d 539, that evidence of prior statements consistent with the testimony of a witness may be given after the introduction of an inconsistent statement.

After the February statement had been read to the jury, the defendant proceeded to examine the witness about the circumstances under which the November statement was made. The plaintiff objected. The November statement had been admitted for all purposes and was so claimed by the plaintiff. At this juncture, the court stated that the November statement was admissible to show any contradiction between the testimony of the witness in court and what she might have said outside of court. After further colloquy between counsel and the court in which each party took exception to the remarks of the court apparently limiting the evidential purpose of the November statement, the plaintiff reiterated his claim that the November statement had been offered and admitted, without objection, as substantive evidence for all purposes and not for credibility alone. When the defendant resumed examination of the witness about the conversation she had had with the person who obtained the November statement, the plaintiff again objected, whereupon the court stated that in view of the plaintiff's insistence that the statement was

claimed for its contents, the defense could examine on it. The plaintiff's counsel then stated that he did not object to examination on the statement itself but did object to any conversation beyond it. The question was then withdrawn.

The plaintiff filed no requests to charge. It does not appear that any exception was made to the charge as given or that any affirmative action was taken by the plaintiff to have the court instruct the jury on the extent to which the November statement was admissible. In view of the last discussion between court and counsel concerning the purpose for which the statement was offered, we cannot find any material error in the record as it has been presented to us. The burden of establishing harmful error is on the appellant. *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742. The plaintiff appears to have been content with the situation until an adverse verdict was rendered. Had he any doubt about the jury's understanding of the discussion which had taken place in their presence, a proper request to charge would have alerted the court to the need for instruction and would have assured an adequate record for our review of the case. See *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 256, 113 A.2d 361; *Doolittle* v. *Upson,* 138 Conn. 642, 644, 88 A.2d 334.

There is no error.