JAMES CUTLIP *v.* CONNECTICUT MOTOR VEHICLES COMMISSIONER

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued December 3, 1974—decision released March 11, 1975

*Peter C. Dorsey,* for the appellant (plaintiff).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

LOISELLE, J. The plaintiff is a truck driver licensed by the state of Rhode Island. While operating a trailer truck northerly on route 5 in Berlin, Connecticut on October 30, 1971, he collided with another vehicle. As a result of this collision three persons died.

The defendant, the commissioner of motor vehicles, following a hearing held before a hearing officer of the department of motor vehicles, and as a result of reviewing the evidence therein produced, concluded that the plaintiff, James Cutlip, caused or contributed to death as a result of an accident, through negligence or carelessness, as well as through violation of § 14-222 of the Connecticut General Statutes. As a result, the plaintiff's privilege to operate motor vehicles in Connecticut was suspended for not less than one year. The plaintiff appealed from the commissioner's decision and order to the Court of Common Pleas, where the

issues were found for the defendant and the appeal was dismissed. The plaintiff has appealed from that judgment to this court.

The plaintiff claims that he was denied procedural due process because the hearing went forward without his being afforded any reasonable opportunity to obtain counsel once he knew the seriousness of what was involved. The record does not support this claim. The plaintiff was advised of his right to be represented by counsel in a letter of notice of November 28, 1972, which summoned him to the hearing. At the hearing he was asked if he wanted an attorney and was told that he had the right to have one. Further, the plaintiff was asked, "Would you rather we reassign the hearing and you bring an attorney with you?" His answer to this last inquiry was, "Sir, the only thing I can tell you is the truth, so what I know so." Thereafter the hearing officer told him that he could testify or not and that he could ask any questions.

Waiver is the intentional relinquishment of a known right. It is not necessary that a waiver be made in express terms. It may be inferred from the declarations and conduct of the party if it is reasonable to do so. *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 562, 316 A.2d 394; *Breen* v. *Aetna Casualty & Surety Co.*, 153 Conn. 633, 644, 220 A.2d 254; *DiFrancesco* v. *Zurich General Accident & Liability Ins. Co.*, 105 Conn. 162, 168, 134 A. 789. The plaintiff elected to proceed with the hearing after having been amply informed that he could have counsel if he so desired. Having waived his opportunity to be represented by counsel, the plaintiff cannot now claim that he was denied that opportunity.

The plaintiff next states that the defendant failed to comply with the Uniform Administrative Procedure Act, then General Statutes §§ 4-166—4-189. His first claim is that the hearing notice was inadequate.[1] This claim is without merit. The hearing notice of November 28, 1972, notified the plaintiff to appear at a hearing pursuant to General Statutes § 14-111 (c), at a designated room of the defendant's headquarters at 60 State Street, Wethersfield, and at a designated time. The notice contained a statement of purpose which indicated that the hearing was to determine whether the plaintiff caused or contributed to a fatal accident which occurred in Berlin on October 30, 1971, through his violation of designated statutes or through negligence or carelessness, and that if such were found, suspension for not less than one year would result. The notice complied with statutory requirements.

The plaintiff next cites specific instances in which he claims that the hearing officer admitted improper evidence in violation of General Statutes § 4-178, which provides that "[t]he rules of evidence as applied in non-jury civil cases in the courts of this state shall be followed." The record reveals that the plaintiff was asked in every instance whether he objected to the offer of evidence, each of which was hearsay in nature, and he specifically stated that he

---

[1] "[General Statutes] Sec. 4-177. CONTESTED CASES. NOTICE. RECORD. . . . (b) The notice shall include: (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and regulations involved; (4) a short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter upon application a more definite and detailed statement shall be furnished."

had no objection. Where hearsay evidence is admitted without objection, the trier of facts may give such weight to it as he deems it is worth. *Stanley Works* v. *New Britain Redevelopment Agency*, 155 Conn. 86, 96, 230 A.2d 9; *Pluhowsky* v. *New Haven*, 151 Conn. 337, 343, 197 A.2d 645; *Brown* v. *Rahr*, 149 Conn. 743, 182 A.2d 629; *Sizer* v. *Lenney*, 146 Conn. 457, 151 A.2d 889. The plaintiff claims that he was an inexperienced person before such hearings. As previously stated, however, he was advised that he could be represented by counsel and was specifically told just prior to the hearing that if he wanted counsel the hearing would be postponed. After having made the choice to proceed without counsel, the plaintiff cannot now claim that he was prejudiced by the admission of evidence to which he did not object. *State* v. *Grimes*, 154 Conn. 314, 323, 228 A.2d 141.

On June 2, 1973, the defendant sent to the plaintiff a notice of his final decision, which was not in compliance with then General Statutes § 4-180, in that it did not state separately the findings of fact and conclusions of law. On June 11, 1973, this requirement was eliminated from the notice. Public Act No. 73-620, § 17; see also § 18. An examination of the statute prior to June 11, 1973,[2] clearly

---

[2] "[General Statutes] Sec. 4-180. FINAL DECISION OR ORDER. A final decision or order adverse to a party in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency regulations, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding. Parties shall be notified either personally or by mail of any decision or order. Upon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record."

indicates that this provision was directory only and that failure to comply would not render the defendant's action void. *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 156, 292 A.2d 893. Further, a notice in compliance with the provisions of the statute prior to June 11, 1973, was sent to the plaintiff on September 13, 1973.

The plaintiff claims that the defendant based his action on matters outside the record and that the action was arbitrary and unsupported by the evidence. The certified record filed with the court constitutes the entire record upon which the defendant based his decision and amply supports the decision that the plaintiff was responsible for deaths through negligence and carelessness. The claim that the defendant's action was unsupported by the evidence and that he went outside the certified record is without merit.

The final assignment of error is that § 14-111 (c)[3] constitutes a denial of equal protection in violation of both the federal and state constitutions. The plaintiff admits that the purpose of the statute, which is to procure highway safety by regulating hazardous drivers, is properly within the exercise of police power. He claims, however, that the statute reaches drivers by reason of causation of death

---

[3] "[General Statutes] Sec. 14-111. SUSPENSION OR REVOCATION OF REGISTRATION, LICENSE OR RIGHT TO OPERATE. . . . (c) Suspension of license after fatal accident. The commissioner shall not suspend the license of any operator concerned in any motor vehicle accident resulting in the death of any person solely because such death has occurred, unless the facts as ascertained by the commissioner, after a hearing, indicate responsibility on the part of such operator for such accident, and, if, after such hearing, the commissioner finds that such operator has caused or contributed to such death through the violation of any provision of this chapter or of chapter 248 or through negligence or carelessness, such suspension shall be for not less than one year. . . ."

but does not reach all drivers who are within that class deemed unsuitable or unfit to drive consistent with the concept of safety on the highway. Stated another way, the plaintiff claims that where two operators are each engaged in the same conduct, with the result being that death is caused by one, and not by the other, and where the license of the operator causing the death is suspended, there is such unequal treatment as to violate the equal protection clause.

"It is a universally accepted rule of constitutional law that the legislative department in the use of its police power is the judge, within reasonable limits, of what the public welfare requires. The court's function in examining the constitutional aspect of police legislation is to decide whether the purpose of the legislation is a legitimate one and whether the particular enactment is designed to accomplish that purpose in a fair and reasonable way. If an enactment meets this test, it satisfies the constitutional requirements of due process and equal protection of the laws. *Schwartz* v. *Kelly,* 140 Conn. 176, 179, 99 A.2d 89; *Carroll* v. *Schwartz,* 127 Conn. 126, 129, 14 A.2d 754. Courts cannot question the wisdom of police legislation and must accord to the legislature a liberal discretion, especially in matters involving potentialities generally recognized as dangerous." *Pierce* v. *Albanese,* 144 Conn. 241, 249, 129 A.2d 606. The fact that death has been caused is a reasonable basis for treating the operator of an automobile who has caused death separately from one who has not. The legislative purpose is apparent. Public safety would better be ensured by removing from the highway that class of drivers found to be responsible for accidents that cause death. Under § 14-111 (c) a reasonable dis-

tinction has been drawn as a matter of public policy without violating the equal protection or due process clauses of the federal and state constitutions.

There is no error.

In this opinion the other judges concurred.