STATE OF CONNECTICUT *v.* DENNIS DOLPHIN

COTTER, C. J., LOISELLE, BOGDANSKI, SPEZIALE and PETERS, Js.

Argued June 7—decision released July 31, 1979

*Max F. Brunswick,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Edward J. Mullarkey,* assistant state's attorney, for the appellee (state).

SPEZIALE, J. The defendant, Dennis Dolphin, was charged in a two-count information with burglary in the first degree in violation of General Statutes § 53a-101 (a) (1) and robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). After a jury trial he was found guilty of the crimes as charged, and judgment was rendered on the verdict. The defendant has appealed from that judgment.

The charges were predicated on an incident which occurred in New Haven during the evening of April 22, 1975. The facts may be briefly summarized as follows: A man, posing as a magazine salesman, rang the bell of a home on St. Ronan Street while two other males, each wearing a stocking cap over his head, hid in the bushes. The door was opened by an adolescent boy who when asked if his mother was home replied that she was not. At this point the "salesman" entered the home with the other two accomplices rushing in behind. One of the robbers carried an inoperable rifle; another carried a weapon described by witnesses as a machete and as a bayonet. The boy who had answered the door was instructed to show the robbers where the valuables were while his two brothers and the maid were made to lie on the floor in the hall on the second floor. One of the boys testified that a robber had put a knife to the maid's throat and that as the trio was leaving the St. Ronan Street premises, one of them pointed the rifle at the residents and threatened, "If you move, you're dead."

An unnamed informant subsequently led police to David Andrews, who gave written statements in accord with the above version of the incident in which he implicated Edgar Gagnier as the "salesman," and Dennis Dolphin and himself as the accomplices. Gagnier, after his arrest, also gave a written statement containing substantially the same facts. At his trial in March, 1977, Dolphin took the stand and denied participation in the crime after both Andrews and Gagnier had testified in substantial conformity with their previous accounts of the incident.[1] The prior written statements, given to the police in May, 1975, were admitted into evidence over objection.

On appeal the defendant raises many issues, claiming, inter alia, that the trial court erred in admitting into evidence the prior written consistent statements of Andrews and Gagnier. Because our ruling on this issue is dispositive of the case, it is unnecessary to address the other claims of error.

On cross-examination of Andrews and Gagnier, Dolphin's counsel attempted to impeach them by suggesting that their testimony against Dolphin was motivated by self-interest—that it resulted from a desire to secure more lenient treatment in the disposition of the criminal charges that were or had been pending against them. In an effort to rehabilitate these witnesses, the state's attorney sought to introduce into evidence the prior written consistent statements they had given to police. The objection of the defendant's counsel was overruled, and an exception was duly taken. The statements were admitted, not to prove the truth of the matters con-

---

[1] The fact that the testimony is consistent with the prior statements is not disputed by the state.

tained therein, but for the sole purpose of showing a prior statement consistent with the testimony at trial. The jury were so instructed at the time the statements were admitted. Further, during the charge to the jury the court emphasized that the prior statements were admitted solely for evaluating the credibility of the witnesses.[2]

The basis of the defendant's objection at trial and his appeal on this issue is his claim that under the Connecticut rule, a prior consistent statement of a witness is admissible only where there has been testimony constituting or showing an inconsistent statement by that witness. *Thomas* v. *Ganezer,* 137 Conn. 415, 78 A.2d 539 (1951). In its brief the state supports its claim of admissibility by citing as authority both Rule 801 (d) (1) (B)[3] of the Federal Rules of

---

[2] In its charge the court stated, inter alia: "In this case, you have heard testimony from David Andrews and Edgar Gagnier who testified that they participated in this crime with the defendant, Dennis Dolphin. The defendant attempted to impeach their testimony by inferring, through cross-examination, that their testimony was not truthful and was influenced by reason of the state dropping certain criminal charges against them and allowing them to plead to a lesser offense than the ones they were originally charged with when arrested. Now, the testimony of a witness may be rehabilitated or supported by showing that he has previously made statements which are consistent with his present testimony in court. Their prior written statements taken by the police were admitted into evidence solely for your consideration in evaluating the credibility of these witnesses. Should you find that the prior statements are consistent, you may consider such statements only in connection with your evaluation of the credence to be given to that witness' present testimony in court. You must not consider the prior statement as establishing the truth of any fact contained in that statement."

[3] Rule 801 (d) (1) (B) of the Federal Rules of Evidence provides in relevant part: "A statement is not hearsay if — (1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive."

Evidence and the fact that "surrounding" states[4] permit the use of prior consistent statements where a witness is impeached on the grounds of recent fabrication or bias.[5]

The general rule is that a witness' prior consistent statements are inadmissible at trial. *Thomas v. Ganezer, supra,* 417; annot., 75 A.L.R.2d 909, 918. Such statements clearly are barred by the hearsay rule if sought to be used to prove the truth of the matters asserted therein; see, e.g., 2 Wharton, Criminal Evidence (13th Ed.) § 500, p. 485 ("its sole purpose is to rehabilitate an impeached witness"); 4 Wigmore, Evidence (Chadbourn Rev.) § 1132, p. 294; also, they generally are prohibited even when offered for the limited purpose of rehabilitating the

---

[4] In its brief the state points to Massachusetts and New York as having adopted the exception urged by the state here, and cites in support of its claim *Commonwealth* v. *Hoffer,* 375 Mass. 369, 377 N.E.2d 685 (1978); *People* v. *Davis,* 44 N.Y.2d 269, 376 N.E.2d 901 (1978). It is noted that this exception has been adopted in "non-surrounding" states as well. See 4 Wigmore, Evidence (Chadbourn Rev.) § 1128, p. 268 n.1.

[5] The state in its brief does not distinguish between impeachment by recent fabrication and by motive, interest, or bias. A distinction exists, although it is not uncommon for the terms erroneously to be used interchangeably. See 4 Wigmore, Evidence (Chadbourn Rev.) § 1129, p. 270. Wigmore suggests the following distinction: "Impeachment on the ground of recent contrivance . . . is more nearly connected with the case of impeachment by self-contradiction. The charge of recent contrivance is usually made, not so much by affirmative evidence, as by negative evidence that the witness did *not* speak of the matter before, at a time when it would have been natural to speak; his silence then is urged as inconsistent with his utterances now, i.e., as a self-contradiction . . . . The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story . . . ." Id., 270–71. From the portions of the transcript quoted by the state in its brief, it seems clear that the exception to the rule claimed was based on a showing of interest, motive, or bias, and not by recent fabrication.

witness' damaged credibility. See *United States* v. *Quinto*, 582 F.2d 224, 232 (2d Cir. 1978) and authority cited therein. The rationale upon which this rule is based is that the witness' story "is not made more probable or more trustworthy by any number of repetitions of it. Such evidence would ordinarily be both irrelevant and cumbersome to the trial; and is rejected in all Courts." 4 Wigmore, Evidence (3d Ed.) § 1124, pp. 194–95; *Mei* v. *Alterman Transport Lines, Inc.*, 159 Conn. 307, 315–16, 268 A.2d 639 (1970); see also 2 Wharton, Criminal Evidence (13th Ed.) § 500, p. 484 (unless the rule allowing the admissibility of prior consistent statements is used with caution, "a witness' credibility will 'depend more upon the number of times he has repeated the same story than upon the truth of the story itself' ").

Nonetheless, the above rule is not absolute. Connecticut, as many other jurisdictions, long has recognized that where there is testimony showing an inconsistent statement by a witness it is within the discretion of the trial court to permit the introduction of prior consistent statements of that witness, not as proof of the matters asserted therein, but for the limited purpose of rehabilitating the witness. *State* v. *Mitchell*, 169 Conn. 161, 168, 362 A.2d 808 (1975); *Brown* v. *Rahr*, 149 Conn. 743, 744, 182 A.2d 629 (1962); *Carta* v. *Providence Washington Indemnity Co.*, 143 Conn. 372, 381, 122 A.2d 734 (1956); *Thomas* v. *Ganezer*, supra; *State* v. *Palm*, 123 Conn. 666, 677, 197 A. 168 (1938); see also McCormick, Evidence (2d Ed.) § 49, p. 105.

As the defendant notes, the only exception to the general rule barring admissibility of prior consistent statements which previously has been expressly adopted by this court has been the exception pred-

icated on an inconsistent statement. See *Mei* v. *Alterman Transport Lines, Inc.*, supra; *Brown* v. *Rahr*, supra; *Carta* v. *Providence Washington Indemnity Co.*, supra; *Thomas* v. *Ganezer*, supra; *State* v. *Palm*, supra.

The exception that prior consistent statements are admissible to rehabilitate a witness after impeachment on the basis of bias, motive, or interest has been adopted by numerous states; see 4 Wigmore, Evidence (Chadbourn Rev.) § 1128, p. 268 n.1; as well as by the federal courts. Fed. R. Evid. 801 (d) (1) (B); see *Thomas* v. *Ganezer*, supra, 419–20.

Traditionally, whenever a prior consistent statement has been admissible, its use has been *not* as substantive evidence to establish the facts contained therein, but *solely* to rehabilitate a witness whose veracity has been attacked. Annot., 140 A.L.R. 24, as supplemented by annot., 75 A.L.R.2d 909, 922–23, and 75 A.L.R.2d Sup. 283. This is the position that we shall continue to follow although Rule 801 (d) (1) (B) of the Federal Rules of Evidence differs. Notes of the Advisory Committee on the Proposed Rules of Evidence, 56 F.R.D. 183, 296 (1972);[6] Tait, "The New Federal Rules of Evidence: A Summary of the Differences Between the Rules and the Connecticut Law of Evidence," 9 Conn. L. Rev. 1, 25 (1976).

The sine qua non of this exception permitting the admission of prior consistent statements after impeachment on the basis of bias, motive, or inter-

---

[6] The note commenting on Rule 801 (d) (1) (B) provides in relevant part: "Prior consistent statements traditionally have been admissible to rebut charges of recent fabrication or improper influence or motive but not as substantive evidence. Under the rule they are substantive evidence."

est, which has been adopted *uniformly* by those jurisdictions that allow this exception, is that for the consistent statement to be admissible it must have been made *prior* to the time the alleged motive to falsify arose. See *United States* v. *Quinto,* 582 F.2d 224, 234 (2d Cir. 1978); *United States* v. *Knuckles,* 581 F.2d 305, 313–14 (2d Cir. 1978); McCormick, Evidence (2d Ed.) § 49, p. 105; 2 Wharton, Criminal Evidence (13th Ed.) § 500, p. 491. As Wigmore has noted: "A consistent statement, at a *time prior* to the existence of a fact said to indicate bias, interest, or corruption, will effectively explain away the force of the impeaching evidence; because it is thus made to appear that the statement in the form now uttered was independent of the discrediting influence." 4 Wigmore, Evidence (Chadbourn Rev.) § 1128, p. 268. Unless the prior consistent statement was made before the alleged motive, bias, or interest arose, it would not tend to make the testimony of the witness at trial more probable. Id. Therefore, it is not relevant evidence. " 'Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. . . .' *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715." *State v. Lombardo,* 163 Conn. 241, 243, 304 A.2d 36 (1972).

In addition to allowing the admission of a prior consistent statement where there has been an inconsistent statement; *Thomas* v. *Ganezer,* supra; we now approve the admission of a prior consistent statement after impeachment on the basis of bias, motive, or interest for the limited purpose of affecting credibility *if* the proponent establishes that such statement was made before the time at which the motive, interest, or bias arose. On the facts of this

case, however, whether the statements were given to police prior or subsequent to the time the bias, motive, or interest arose was not directly argued by either party, nor was it addressed by the trial court. Under these circumstances, it is not the province of this court to speculate as to whether each statement admitted into evidence was made before the motive to fabricate arose.

Where a claim of an erroneous evidentiary ruling is raised on appeal, it is fundamental " 'that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him.' *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153." *State* v. *Mahmood,* 158 Conn. 536, 541, 265 A.2d 83 (1969). In this case, the *only* evidence directly linking the defendant Dolphin to these crimes was the testimony at trial of Andrews and Gagnier. No one, including the two boys who had identified the photographs of Andrews and Gagnier, identified Dennis Dolphin as one of the robbers despite the fact that both his photograph and Andrews' appeared in the same display shown to the victims. The prior consistent written statements of the two witnesses, Andrews and Gagnier, were critical to the state's case against the defendant, and their admission, without a finding on the time at which the bias, motive, or interest arose, constituted harmful error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.