STATE OF CONNECTICUT *v.* HERBERT HAMER
(10693)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

---

Argued October 14—decision released November 16, 1982

*G. Douglas Nash,* for the appellant (defendant).

*Robert J. Devlin, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PARSKEY, J. The defendant was convicted by a jury inter alia of the crime of sexual assault in the first degree. The sole issue involved in this appeal is whether the trial court erred in permitting the complainant to relate the details of what she had told police officers and her aunt concerning the incident.

At about midnight on May 25, 1979, the complainant went to a bar located at the intersection of Congress Avenue and Arch Street in New Haven. Before leaving the bar she called a taxicab. While she was waiting outside a man approached her and began a conversation with her. The man, who was previously unknown to her, offered her a ride in his van to Winchester Avenue. She accepted the offer and entered the van but, instead of driving to Winchester Avenue, the man drove to the area of East Rock Park where he compelled her to have

sexual intercourse after threatening to kill her if she did not do what he wanted. He then drove to the corner of Stevens Street and Sylvan Avenue in New Haven where he let her out of the van. Thereafter she met her aunt and the two located a police officer in the area of Congress Avenue.

The trial court over the defendant's objection permitted the complainant to testify (1) that she told a police officer on May 26, 1979, that she had been raped and gave him a description of the man who had raped her; (2) that at that time she also gave the police a description of the van in which the rape occurred; (3) that on June 2, 1979, when she was walking with her aunt on Congress Avenue she saw what she identified as the same van in which she was raped; (4) that she remained in the area and alerted a police officer, who was ticketing cars in the area, that she believed the parked van to be the van in which she had been raped; and (5) that when the defendant thereafter walked out onto the street she identified him to the police officer as the man who raped her.[1] The trial court's rulings with respect to the foregoing assertions were correct.[2]

Although generally prior consistent statements are barred by the hearsay rule if sought to be used to prove the truth of the matters asserted therein; *State* v. *Dolphin*, 178 Conn. 564, 568, 424 A.2d 266 (1979); there are exceptions. In sex-related cases witnesses to whom the complainant has related the particulars of the incident are permitted to recount

---

[1] At oral argument the defendant abandoned any claim with respect to this identification.

[2] In his brief the defendant has limited his discussion of the court's ruling to the sexual assault charge. We therefore do not consider the court's ruling insofar as it may have been related to the unlawful restraint charge.

the details of the statement; *State* v. *Brice,* 186
Conn. 449, 453, 442 A.2d 906 (1982); provided that
the complainant first testifies concerning the
offense; *State* v. *Segerberg,* 131 Conn. 546, 548–49,
41 A.2d 101 (1945); and also identifies the persons
to whom she made the statement. *State* v. *Brice,*
supra, 453–55. The statement is admissible as an
exception to the hearsay rule to corroborate the
complainant's testimony by showing constancy of
accusation. *State* v. *Brice,* supra, 453; *State* v.
*Orlando,* 115 Conn. 672, 677, 163 A. 256 (1932). The
statements being admissible when offered by the
state it is immaterial that they are offered through
the testimony of the declarant rather than the
listener. Although it might be risky as a matter of
trial strategy for the state not to produce the cor-
roborative witnesses; see *Secondino* v. *New Haven
Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960); such
risks have no bearing on the evidentiary issue.

There is no error.

In this opinion the other judges concurred.