[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle operator's license for six months under the provisions of Connecticut General Statutes Section 14-227b, (Connecticut implied consent statute).
In this case, the plaintiff was arrested on November 17, 1991 and charged with operating while under the influence in violation of Connecticut General Statutes Section 14-227a. After being arrested, the plaintiff was taken to Troop K headquarters of the Connecticut State Police. According to the police report, the plaintiff consented to a breath test on the Intoximeter 3000, but that after eight attempts he failed to give the machine a sufficient sample each time because each time he would blow into the machine he would CT Page 3415 also suck the air back out of the intoximeter despite the police officer's instructions not to do so.
The Commissioner of Motor Vehicles was notified that the plaintiff had refused to take a chemical alcohol test and the Commissioner ordered a 6 month suspension of the plaintiff's driver license. The plaintiff requested a hearing which was held on December 9, 1991 before hearing officer Attorney Gail Kotowski. The hearing officer concluded the plaintiff refused to be tested for his blood alcohol level and his operator's license was thereupon suspended.
The plaintiff was represented by counsel at the hearing and in this appeal to the Superior Court.
From the undisputed facts in this case the Court finds the requisite aggrievement on the part of the plaintiff.
At the hearing the plaintiff stipulated to probable cause for his arrest, the fact of his arrest and operation of the motor vehicle, thus the only disputed issue was whether he refused to submit to the breath test. (See Connecticut General Statutes Section 14-227b(f).
The plaintiff argues that the subordinate findings of fact made by the Hearing Officer (that the respondent attempted to blow 8 times, and no breath registered because he sucked in the tube as opposed to blowing) were not supported by record because the police report states that "the accused failed to give a sufficient sample because each time he would blow into the machine he would also suck the air back out of the intoximeter despite my instructions not to do this."
The Court fails to see how the subordinate findings cannot be found from the language of the police report, assuming it is credited by the trier. She found the plaintiff did blow into the machine 8 times and the police report states that fact. She found also that the plaintiff "sucked in the tube" which, while not tracking precisely the language of the police report, is clear enough to be reasonably interpreted as having the same meaning.
It is for the trier, and not the reviewing Court, to determine the credibility of the witnesses and evidence CT Page 3416 presented. DiBenedetto v. Commissioner of Motor Vehicles,168 Conn. 587, 589 (1975). The Court's function is to determine whether the agency's findings and conclusions are reasonably supported by the record. Lawrence v. Kozlowski,171 Conn. 705, 713-14. (1976), Clark v. Muzio, 40 Conn. Sup. 512
(1986), affirmed 14 Conn. App. 212, (1988).
In this case, the plaintiff concedes operation and concedes that he was intoxicated at the time. His claim is that he did attempt to blow into the intoximeter, following the officer's instructions and he denies attempting to suck the air out. He argues that any failure to comply with the directions was the result of his intoxicated state and not due to any deliberate attempt on his part.
Although the police officer did not testify at the administrative hearing, his report was admitted into evidence without objection. It is just as valid as the plaintiff's testimony as far as determining the facts. Cutlip v. Conn. Motor Vehicles Commissioner, 168 Conn. 94, 98 (1975). If the trier chose to give less credibility to the testimony of the plaintiff than to the report of the police officer, that was her determination to properly make. Buckley v. Muzio,200 Conn. 1, 3 (1986).
In this case, the intoximeter was checked for accuracy in accordance with applicable state regulations (ROR 5, Sec F), there is evidence of the degree and type of effort, and of the plaintiff's behavior during the attempted testing. (ROR 5, page 3). These factors distinguish this case from Dorman v. DelPonte, 41 Conn. Sup. 437 (1990), relied on by the plaintiff.
Further, there is no evidence that the plaintiff had any physical abnormality which would make it difficult for him to take the breath test.
For the foregoing reasons the Court finds the decision of the Hearing Officer was not unreasonable, arbitrary, illegal, or an abuse of discretion. Her finding that the plaintiff refused to submit to the Breathalyzer test is supported by the record.
The appeal is dismissed. CT Page 3417
BY THE COURT,
Lawrence C. Klaczak, J. Judge, Superior Court