[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of a hearing officer acting on behalf of the Commissioner of Motor Vehicles suspending the operator's license of the appellant herein. The appellant's CT Page 13505 license was suspended for refusing a chemical test pursuant to section 14-227b of the Conn. General Statutes. It is the claim of the appellant that the hearing officer, in rendering his decision, acted arbitrarily, capriciously and in abuse of his discretion.
The only issue in dispute is whether the appellant wilfully refused a urine sample as requested by the police officer. The appellant had been previously administered a field sobriety test after having been stopped for his erratic operation of his motor vehicle. After failing the test, he was placed under arrest and transported to the police station. He was asked by the police officer to give a sample of his urine. He explained to the police officer that he could not do so since immediately prior to his being stopped he had relieved himself at the restaurant that he was at. He indicated, however, that he would be willing to take a breathalyser test but was informed that the equipment was inoperative. Thereafter upon his refusal to give a sample, he was told that it was considered by the police to be a refusal. Prior to leaving the station and within two hours of his arrest, he offered to give the sample but was told it was too late. After a hearing before a hearing officer, the appellant was found to have refused the request of the police officer to give a sample of his urine. His license was thereupon suspended for a period of one year.
It is the burden of the appellant to show that the commissioner, based on the facts before him acted contrary to the law and in abuse of his discretion. Deuma v. Commissioner ofMotor Vehicles, 165 Conn. 15, 16-17, 327 A.2d 569 (1973).
"Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act, (General Statutes, c. 54, Secs. 4-166 through 4-189) and the scope of that review is very restricted. Lawrence v Kozlowski, 171 Conn. 705 [707-708], 372 A.2d 119 (1976). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant." C H Enterprises, Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978); DiBenedetto v.Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840
(1975); see General Statutes sec. 4-183(g). "The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion." Burnham v. Administrator,184 Conn. 317, 322, 429 A.2d 1008 (1981); Riley v. State EmployeesCT Page 13506Retirement Commission, 178 Conn. 438, 441, 422 A.2d 87 (1979); see also, Persico v. Maher, 191 Conn. 384, 409, 465 A.2d 308
(1983); Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489 (1986).
"The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency and if there is evidence . . . which reasonably supports the decision of the commissioner . . . [the court] cannot disturb the conclusion reached by it." DiBenedetto v. Commissionerof Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975).
"Judicial review of an administrative decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from these facts are reasonable." Connecticut Light Power Co., v. DPUC, 216 Conn. 627,639, 583 A.2d 906 (1990); Connecticut Light Power Co. v.DPUC, 219 Conn. 51, 57-58, 591 A.2d 1231 (1991).
"If the administrative determination of [the four license suspension issues set forth in 14-227b(f)] is reasonably supported by the evidence in the record, it must be sustained.Clark v Muzio, 40 Conn. Sup. 512, 514, 516 A.2d 160 (1986), affirmed 14 Conn. App. 212, 540 A.2d 1063, cert. denied,208 Conn. 808, 545, A.2d 1105 (1988).
As for the four license suspension issues set forth in Section 14-227b(f) of the General Statutes, the only one in issue is item (3): "did such person refuse to submit to such test or analysis. . . ."
The principal evidence offered at the hearing in support of defendant's decision was the police report (A-44) and the police incident narrative report. The report was submitted without objection. "Where hearsay evidence is admitted without objection, the trier of facts may give such weight to it as he deems it is worth." Cutlip v. Connecticut Motor Vehicles Commissioner,168 Conn. 94, 98, 357 A.2d 918 (1975). The police report was properly admitted into evidence and the hearing officer could properly use the report in determining whether the plaintiff refused to be tested.
According to the A-44 police report the plaintiff refused to be tested. This refusal was witnessed by another officer. The police narrative report contains the same information: that he CT Page 13507 was requested to submit to a urine sample; that he refused; and, that this refusal was witnessed by another officer. The plaintiff claims that he did not refuse. This conflicts with the police report.
"The `substantial evidence' rule governs judicial review of administrative fact finding under General Statutes (rev. to 1987) sec. 4-183(g). . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Such a standard of review allowed less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule. . . . In determining whether an administrative finding is supported by `substantial evidence', a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or part." (Internal quotation marks omitted). ConnecticutBuilding Wrecking co. v. Carothers, 218 Conn. 580, 593 (1991). "The findings of an agency should be upheld if supported by `substantial and competent evidence; and that the reviewing court should not `try the case de novo, adjudicate the facts, or substitute its own decision for that of the [agency]." Miko v.Commission on Human Rights Opportunities, 220 Conn. 192, 201
(1991).
Our Supreme Court stated in Schallenkamp v. DelPonte,229 Conn. 31, that the police officer's sworn statement on the A-44 police report constituted sufficient evidence to support a finding by a hearing officer even though there was conflicting evidence. That court stated that: "The determination of issues of fact are matters within the province of the administrative agency. Because it is the administrative hearing officer's function to determine issues of fact, we cannot say simply because of the existence of conflicting evidence that the record failed to contain a substantial basis from which the hearing officer could have concluded that Balfore was certified to administer breath analysis tests on the date of the plaintiff's arrest." (Internal citations omitted). Id., 41.
The court finds the issues for the defendant Commissioner.
The Court
Curran, J. CT Page 13508