[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Sean Donoghue appeals the decision of the defendant Commissioner of Motor Vehicles ("Commissioner") suspending his motor vehicle operator's license. Acting pursuant to General Statutes § 14-227b, the Commissioner suspended plaintiff's license on the basis that he refused to submit to a chemical test of the alcohol content of his blood after having been arrested on the charge of driving while under the influence of alcohol. Plaintiff appeals under General Statute § 4-183. The court finds the issues for the defendant.
Plaintiff raises three issues in his appeal. Two of those issues address probable cause. First, he argues that there was no probable cause to arrest him because the officer had no reasonable and articulable suspicion that he had committed or was about to commit a crime when the officer stopped him. Second, he argues that because there was insufficient evidence in the record to find that he CT Page 9930 operated his motor vehicle on a public highway, there was no probable cause to arrest him. Finally, plaintiff raises a due process argument arising out of his pro se status before the hearing officer.
The following facts appear from the record. On May 3, 1997, at approximately 2:00 a.m., Officer Tyler of the West Hartford Police Department noticed the plaintiffs vehicle stopped on the south side of Chatfield Drive with its lights on. The area was deserted of traffic. Officer Tyler pulled behind the vehicle to see if anything was amiss and observed the plaintiff slumped back in the driver's seat. Officer Tyler activated her overhead lights; the plaintiff suddenly sat up, and his vehicle started forward. Officer Tyler followed the plaintiff's vehicle a few feet and the plaintiff pulled over his vehicle. Officer Tyler approached the driver's side of the plaintiff's vehicle, the plaintiff rolled down his window, and the officer asked the plaintiff if everything was all right. Plaintiff did not answer immediately, and when he did his speech was slurred, his eyes half closed and his breath smelled of alcohol. He admitted to having a couple of beers. He stepped out of the vehicle and performed the sobriety field tests poorly. Officer Tyler placed him under arrest, and, after being read his rights, he refused to submit to any tests and refused to answer any questions.
A hearing was held on May 22, 1997, pursuant to General Statutes § 14-227b for the plaintiff's refusal to submit to a chemical alcohol test. Plaintiff appeared pro se and testified. On May 23, 1997, the hearing officer found that there was probable cause to arrest the plaintiff for a violation under General Statutes § 14-227b(b); that the plaintiff was placed under arrest; that he refused to submit to a test or analysis; and that he was operating the motor vehicle. Based on these findings the Commissioner ordered a suspension of the plaintiff's operator's license for a period of six months. This appeal followed.
In an administrative appeal, it is the plaintiff's burden to prove that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte, 229 Conn. 31,39 (1994). "Judicial review of an administrative agency CT Page 9931 decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Id. 40. If there is substantial evidence in the administrative record to provide the hearing officer a reasonable basis for his finding, the decision must be upheld. Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it."Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 709 (1997).
In the license suspension hearing pursuant to § 14-227b, the hearing officer is limited in her determination to the four issues designated in subsection (f) of that statute: probable cause, arrest, refusal of testing and operation of a motor vehicle. Volck v. Muzio,204 Conn. 507, 515-16 (1987). This limited determination is related to the legislative intent explicit in subsection (a) of § 14-227b:
 Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine and, if said person is a minor, his parent or parents or guardian shall also be deemed to have given his consent.
As to the plaintiff's first claim, that the Officer had no reasonable or articulable suspicion to stop the plaintiff so that no probable cause existed for the arrest, the record does not support the plaintiff's claim that there was a stop. In her report, Officer Tyler indicates that she pulled behind the plaintiff's car to see if anything was amiss, turned on her overhead light and then the plaintiff moved his car forward a few feet. She followed, and the plaintiff pulled over. This situation is analogous to that before Judge Maloney in Kozak v. Commissioner of MotorVehicles, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705081 (February 17, 1995). CT Page 9932
The short answer to the plaintiff's first claim is that the police did not stop or detain her prior to determining there was probable cause to arrest her. A state trooper patrolling Route I-84 at 2:40 A.M. observed the plaintiff's vehicle on the shoulder of the highway, stopped, brake lights on. When he approached the vehicle, the plaintiff immediately exhibited unmistakable signs of advanced intoxication. The trooper observed also that the vehicle's ignition switch was in the "on" position.
There was no investigatory stop. Even if the trooper's investigation could be construed as a "stop," however, it was completely justified. Indeed, the trooper would have been derelict in his duty if he had not investigated a vehicle stopped in the middle of the night, in the breakdown lane of an interstate highway, occupied by a lone individual.
Kozak v. Commissioner of Motor Vehicles, supra, 1553. Similarly, in this case, Officer Tyler would have been derelict in her duties if she had not investigated the circumstances surrounding a lone vehicle stopped at 2:00 a.m. with the driver slumped in his seat.
As to the plaintiff's second claim, the court is not persuaded. Although the officer did not check off the box on the A-44 to indicate operation on a public highway, there is substantial evidence in the record to support that implicit finding necessary for a finding of probable cause[1]. Plaintiff's testimony at the hearing indicates that he was "pulled right off New Britain Avenue for a second," on the side of the road, with his engine running and lights on. (ROR. Tr. 5-6.) The attachments to the A-44 indicate that the officer was driving on New Britain Avenue and saw the plaintiffs vehicle "on the south side of Chatfield Drive with its lights on." This is distinguishable from the cases cited by the plaintiff at page 4 of his brief. Both Eubanksv. State Department of Motor Vehicles, Superior Court for the judicial district of Litchfield, Docket No. 58429 (March 1, 1993), and Maher v. Goldberg, 7 C.S.C.R. 1331
(December 14, 1992), involved parking lots where there was CT Page 9933 no evidence in the record to find that they fell within § 14-227a(a).
Finally, the plaintiff claims that the hearing officer deprived him of his due process rights at the hearing by telling the plaintiff, who was at that point representing himself, that his suspension was automatic but he's given a hearing; that the A-44 was admissible without the presence of the arresting officer; and that the documents were in proper order. The plaintiff claims also that the hearing officer deprived him of his rights by admitting those documents into evidence without asking him if he had any objections. The plaintiff cites Huck v. Inland WetlandsWatercourses Agency, 203 Conn, 525, 535-536 (1987), andCutlip v. Connecticut Motor Vehicles, 168 Conn. 94 (1975), in support of this argument.
The court has carefully reviewed the transcript and finds no evidence of unfair treatment by the hearing officer, who explained the issues to the plaintiff, confirmed that he had viewed the police report and, after advising him of his right to remain silent, allowed him to testify fully. The record does not support the plaintiff's claim that the hearing officer acted in either an unlawful or improper manner to deprive him of his due process rights. As to the specific claim that the hearing officer did not allow the plaintiff to object to the admission of the A-44 and attachments after finding them in proper order, the court relies on Bialowas v. Commissioner of Motor Vehicles,44 Conn. 702, 712-13 (1997). The A-44 and accompanying documents are admissible.[2] Further, the hearing officer did not deprive the plaintiff of an opportunity to testify in opposition to that evidence. There was no prejudice to the plaintiff from the lack of opportunity to object to the admission of the A-44 documents.
The appeal is dismissed.
DiPentima, J.