[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Edward Cetnarowski appeals a final decision of the defendant Shirley Ferris, Commissioner of the Department of Agriculture (department)[1] upholding the disposal order for a female dog, Yukon, owned by the plaintiff. The department acted pursuant to General Statutes § 22-358, and the plaintiff appeals pursuant to General Statutes § 4-183. CT Page 8841
The plaintiff claims that the department's decision is erroneous and should be reversed on several grounds. He attacks four evidentiary rulings: the admission of opinion evidence by a witness not present at the hearing; the admission of evidence as to the dog owner's responsibility; redundant, irrelevant and unfair testimony by the mother of a victim; and the qualification of a witness as an expert on dog bites and viciousness. He also claims that the conclusion and final recommendations are inconsistent with the findings of fact.
The record contains the following facts that are not in dispute. The plaintiff who resides in Enfield, Connecticut owns a dog, Yukon. On September 15, 1997, Yukon bit a child in the face. On January 27, 1999, Yukon bit a child in the face. On January 28, 1999, Frederick L. Provencher, Municipal Animal Control Officer for the Town of Enfield, issued a disposal order for Yukon. The plaintiff requested a hearing before the commissioner of the department appealing this order. The commissioner published a notice for a hearing to be held on June 3, 1999, and designated Frank A. Intino as the hearing officer. The hearing was held on June 3 and July 8, 1999. The hearing officer rendered a proposed decision on August 10, 1999; the plaintiff filed an objection to that proposed decision and the town of Enfield replied to that objection. The department issued a final decision on September 21, 1999. The plaintiff filed this appeal on October 29, 1999. On May 16, 2000, the Tax and Administrative Appeals Court (Cohn, J.) transferred this appeal to this court for hearing and decision. The court heard argument on June 7, 2000.
In his discussion supporting his recommendation as to affirm the disposal order, the hearing officer noted:
 Based upon the testimony and evidence presented before this Hearing Officer the dog "Yukon", owned by Mr. Edward Cetnarowski, has attacked and bitten two minor children causing serious physical injury in both instances.
 The dog, "Yukon" has shown aggression towards children demonstrating a bit and retreat instinct inherent in some dogs. The dog owner, Cetnarowski has been unable to restrain his dog from biting and has not been able to prevent situations from arising wherein "Yukon" has the opportunity to bite as evidenced by the second bite.
 Further, it appears that the dog "Yukon" is aggressive by nature and exhibited canine behavior consistent CT Page 8842 with aggressive dogs as testified to by three (3) expert witnesses and if given the opportunity, the dog, "Yukon" would bite children again.
 Municipal Animal Control Officer, Frederick Provencher, with over thirty (30) years experience in animal control, has only issued three (3) disposal orders, including the dog, "Yukon", indicating the serious nature of the dog bites committed by the dog, "Yukon".
(Return of Record (ROR) Proposed Final Decision p. 3.)
A basic principal of administrative law is that the scope of the court's review is very limited. General Statutes § 4-183 (j) in pertinent part provides:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial `rubber stamping' of an agency's decisions. Connecticut Light Power v.Dept. of Public Utilities Control, 219 Conn. 51, 57 (1991); WoodburyWater Co. v. Public Utilities Commission, 174 Conn. 258, 260 (1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. Cabasquini v. Commissioner of Social Services,
38 Conn. App, 525-26, cert. denied, 235 Conn. 906 (1995).
 Under General Statutes (Rev. To 1987) 4-183 (g), the "substantial evidence" rule governs judicial review of administrative factfinding. In determining whether an administrative finding is supported by "substantial evidence," the reviewing court must defer to the agency's assessment of the credibility of witnesses. The determination of issues of fact by the administrative agency should be upheld if the record CT Page 8843 before the agency affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Ultimately, the question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action.
(Internal quotations omitted; citations omitted). Miko v. Commission onHuman Rights Opportunities, 220 Conn. 192, 200-01 (1991).
Under General Statutes § 22-358 (c), an animal control officer "may make any order concerning the restraint or disposal of any biting dog, cat or other animal he deems necessary." The straight forward reading of this language leads to the conclusion that the decision to dispose is left to the animal control officer's discretion. The municipal animal control officer has made the decision and that disposal order was first affirmed by one of the department's animal control officers, Denise Alix (ROR, TE Ex. 24); and then, pursuant to the statute, the commissioner affirmed the order after a hearing.
Turning to his evidentiary claims, the plaintiff argues that the opinions of Dr. Kruger, in his written reports and as testified to by the witnesses who conversed with him, should not have been admitted. The gist of Dr. Kruger's opinion as objected to by the plaintiff is that Yukon could not be trusted. As to the opinions contained in the reports, those were properly admitted because the plaintiff waived any objection to those reports. (ROR, 6/3/99 tr. p. 48); Cutlip v. Commissioner of MotorVehicles, 168 Conn. 94, 98 (1975). As to the opinions reported from conversations, the plaintiff claims that the opinion of Dr. Kruger, his own veterinarian, go the to the heart of the case, and should not have been admitted through hearsay. See plaintiff's Br. p. 5; (ROR, TE Ex. 1; TE Ex. 26).
 "[A]dministrative tribunals are not strictly bound by the rules of evidence and . . . they may consider evidence which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative. . . . There is, moreover, no specific prohibition against hearsay evidence in the [UAPA], which provides that [a]ny oral or documentary evidence may be received, but [that] the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence.
Kostrzewski v. Commissioner of Motor Vehicles, 52 Conn. App. 326, CT Page 8844 331-32, cert. denied 249 Conn. 910 (1999).
Here, the evidence was reliable in that the opinion was by the plaintiff's own veterinarian made to two separate officers. It is not immaterial or irrelevant. The court will not overturn this evidentiary ruling. As to the evidence of the dog owner's responsibility, the court finds this evidence properly admitted in light of the discretion afforded to the animal control officer as to issuing a restraint order in lieu of a disposal order. Under these circumstances, the dog owner's past conduct involving the dog is probative. The hearing officer's role is to determine the weight to be given the evidence. Based upon the record as a whole, the court does not find the ruling admitting evidence of the plaintiff's responsibility arbitrary, illegal or an abuse of discretion. See O'Sullivan v. Delponte, 27 Conn. App. 377, 382 (1992). The court is similarly unpersuaded by the plaintiff's claim that the testimony of the second victim's mother was improperly admitted.
Turning to the claims that the hearing officer improperly qualified an expert witness, the court must reject this claim. The answers elicited by the questions of the hearing officer establish Denise Alix as an expert on dog behavior. The plaintiff has presented no authority to support reversing a hearing officer's qualification of an expert because he himself asked the questions. The qualifications of this witness as an expert was well within the hearing officer's discretion. Hyatt v. ZoningBoard of Appeals, 163 Conn. 379, 386 (1972).
As to the plaintiff's final ground for appeal, the court has rereviewed the entire record and read the transcript of the two day hearing. The plaintiff disputes the findings of fact and recommendation by the hearing officer as arbitrary and not supported by the record. The court disagrees. There is substantial evidence in the record to support the recommendation of the hearing officer to affirm the disposal order. It is not this court's role to retry the case or to substitute its judgment for that of the hearing officer.
 General Statutes § 4-183 (j)(5) mandates that a court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . ." We have interpreted the standard of review set forth in the CT Page 8845 act as limiting our review such that "`[w]ith regard to questions of fact, it is neither the function of the trial court nor of this court to retry the case or to substitute its judgment for that of the administrative agency. An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole.
(Internal quotations omitted; citations omitted.) Office of ConsumerCounsel v. Dept. of Public Utility Control, 246 Conn. 18, 35-36 (1998).
There is evidence in the record to support the finding that Yukon should not be left unattended around children, that she would bite again and that she has bitten twice while under the supervision of the plaintiff. This court will not usurp the role of hearing officer in weighing the evidence and determining credibility. The evidence in the record is sufficient to support the factual determination of the department.
The appeal is dismissed.
DiPentima, J.